UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



--------------------------------------------------------x

VERA N. NGWA,

Civil Action No.:

Plaintiff(s)

**COMPLAINT**

v.

**JURY TRIAL DEMANDED**

CASTLE POINT MORTGAGE,
INC., HEATHER GEARIN,
GMAC MORTGAGE, LLC and
ROYAL SETTLEMENT
SERVICES, INC.,

Defendant(s).

--------------------------------------------------------x

The plaintiff, Vera N. Ngwa, by her attorney, David M. Harrison, Esq.,

complaining of the defendants, Castle Point Mortgage, Inc., Heather Guerin, GMAC

Mortgage, LLC and Royal Settlement Services, Inc., respectfully alleges and sets

forth as follows:

## PRELIMINARY STATEMENT

1.  This Complaint is filed under the Truth In Lending Act, 15 U.S.C. § 1601 et

Seq., to enforce plaintiff's right to rescind a consumer credit transaction, and to void

the security interest in plaintiff's home held by Castle Point Mortgage, Inc. and/or

GMAC Mortgage, LLC; and to recover actual monetary damages; statutory damages;

reasonable attorney fees and costs, by reason of: **(i)** violation by the original "lender" to

the subject consumer credit transaction, Castle Point Mortgage, Inc., as set forth by

15 U.S.C. § 1601 et Seq., as well as Federal Reserve Board Regulation Z, 12 C.F.R. § 226, which implements the act; **(ii)** violation by the original "lender" to the subject consumer credit transaction, Castle Point Mortgage, Inc., as set forth by 15 U.S.C. § 1639, as well as Federal Reserve Board Regulation Z, 12 C.F.R. § 226.31, 12 C.F.R. § 226.32 and 12 C.F.R. § 226.34; **(iii)** violation by the original "lender" to the subject consumer credit transaction, Castle Point Mortgage, Inc., as well as defendants Heather Gearin and Royal Settlement Services, Inc., as codified  by Section 349 of the New York State General Business Law; **(iv)** violation by defendant Castle Point Mortgage, Inc. of Section 589 of the New York State Banking Law; **(v)** violation by the original "lender" to the subject consumer credit transaction, Castle Point Mortgage, Inc., as well as defendant Royal Settlement Services, Inc., of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; **(vi)** violation by the original "lender" to the subject consumer credit transaction, Castle Point Mortgage, Inc., as well as defendant Royal Settlement Services, Inc., of Sections 484 and 495 of the New York State Judiciary Law.  Plaintiff also seeks monetary damages, including punitive damages, for multiple acts of fraud on the part of defendants  herein; and further, plaintiff seeks rescission of the subject consumer credit transaction, based upon general principles of equity.   Plaintiff also seeks money damages and/or equitable relief from defendant GMAC Mortgage, LLC, as said defendant has taken numerous measures to collect upon a mortgage loan, including commencement of a foreclosure action, when, upon information and belief, said mortgage and/or mortgage loan has loan has not been validly assigned to defendant GMAC Mortgage, LLC; and/or has not been properly recorded.

## JURISDICTION

2.    Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e), as well as 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  The Court has authority to issue a declaratory judgment, by virtue of 28 U.S.C. § 2201.

3.    The Court has Supplemental Jurisdiction over the Plaintiff's State law claims, pursuant to 28 U.S.C. § 1367.

## PARTIES

**Plaintiff:**

4.    The plaintiff, Vera N. Ngwa, is a natural person, residing at 10 West 123rd Street, Bronx, New York, New York.  Plaintiff is the owner of said residential real property.

**Defendants:**

5.    The defendant, Castle Point Mortgage, Inc., hereinafter referred to as "defendant Castle Point", is a foreign corporation, authorized to conduct and/or transact business in New York State.  Defendant Castle Point derives substantial revenue from its transactions of business in the State of New York; regularly does or solicits business in the State of New York, with substantial revenue derived from interstate and/or international commerce therefrom; contracts outside the State of New York to supply goods and services within the State of New York, having reasonable expectations that

same will have consequences within the State of New York and/or is otherwise subject to jurisdiction before the Courts of the State of New York.

6.    Defendant Castle Point regularly engages in the making of mortgage loans, and is therefore subject to the Truth In Lending Act, as dictated by 15 U.S.C. § 1601 et Seq., as well as Federal Reserve Board Regulation Z, 12 C.F.R § 226, which implements the act.

7.    The defendant, Heather Gearin, hereinafter referred to as defendant Gearin, is an individual employed by defendant Castle Point.  Defendant Gearin is employed by defendant Castle Point in the capacity of "loan officer".

8.    The defendant, GMAC Mortgage, LLC, hereinafter referred to as defendant GMAC, is a foreign limited liability company, duly licensed, or otherwise so authorized to do business in the State of New York.  Defendant GMAC derives substantial revenue from its transactions of business in the State of New York; regularly does or solicits business in the State of New York, with substantial revenue derived from interstate and/or international commerce therefrom; contracts outside the State of New York to supply goods and services within the State of New York, having reasonable expectations that same will have consequences within the State of New York and/or is otherwise subject to jurisdiction before the Courts of the State of New York.

9.    Defendant GMAC regularly serves as an assignee of lenders which regularly engage and/or have regularly engaged in the making of mortgage loans, and is therefore subject to the Truth In Lending Act, as dictated by 15 U.S.C. § 1601 et Seq., as well as Federal Reserve Board Regulation Z, 12 C.F.R § 226, which implements the act.  As an

assignee to mortgage loans from said lenders, defendant GMAC is also subject to the Truth In Lending Act.

10.   The defendant, Royal Settlement Services, Inc., hereinafter referred to as "defendant Royal", is a foreign corporation, duly licensed, or otherwise so authorized to do business in the State of New York.  Defendant Royal derives substantial revenue from its transactions of business in the State of New York; regularly does or solicits business in the State of New York, with substantial revenue derived from interstate and/or international commerce therefrom; contracts outside the State of New York to supply goods and services within the State of New York, having reasonable expectations that same will have consequences within the State of New York and/or is otherwise subject to jurisdiction before the Courts of the State of New York.

11.   Defendant Royal is a title company, which derives fees in connection with title services rendered in connection with the making of mortgage loans.  The nature of defendant Royal's services, as well as the fees for which defendant Royal assesses in connection with such services, are subject to the dictates imposed by the Truth in Lending Act, as dictated by 15 U.S.C. § 1601 et Seq., as well as Federal Reserve Board Regulation Z, 12 C.F.R. § 226, which implements the act; and, The Real Estate Settlement Procedures Act, as set forth by 12 U.S.C. § 2601 et seq.

12.   The principals of defendant Castle Point are the majority owners of defendant Royal.

13.   The original lender to the subject consumer credit transaction, defendant Castle Point, issued a mortgage loan to plaintiff Vera N. Ngwa on January 25, 2007,

in the amount of $1,165,000.00. This mortgage is secured by plaintiff's residential property located at 10 West 123rd Street, New York, New York 10027. Defendant Castle Point, as the lender to said mortgage loan, and the original "holder" to the mortgage, thereafter allegedly assigned said mortgage, and all rights to collect therefrom, to defendant GMAC.

     14. Defendant Gearin was the loan officer assigned by defendant Castle Point Mortgage to the subject loan transaction involving plaintiff Vera N. Ngwa and defendant Castle Point.

     15. Defendant Royal acted as the "Settlement Agent" and/or "Closing Agent" on the subject loan transaction. Defendant Royal also rendered "title services" in connection with said transaction.

     16. Defendants Castle Point and Gearin made a predatory mortgage loan to plaintiff based upon a variety of false, fraudulent and deceptive acts and statements upon which the plaintiff relied. Defendants Castle Point and Gearin knowingly engaged in conduct which completely violated the applicable disclosure requirements mandated by the Truth In Lending Act, as set forth by 15 U.S.C. § 1601 et Seq., as well as Federal Reserve Board Regulation Z, 12 C.F.R. § 226, which implements the act; including 15 U.S.C. § 1640; Regulation Z § 226.17 and Regulation Z § 226.19(b). Defendants Castle Point and Gearin knowingly engaged in conduct which was knowingly fraudulent and deceptive, in connection with the origination and processing of the subject loan; and further, defendant Castle Point received a "loan origination fee" in the amount of $46,600.00 which was drastically disproportionate in relation to services provided upon

the subject loan, in violation of the dictates imposed by New York State Banking Law
Section 589.  Defendant Royal violated the dictates imposed by the Real Estate
Settlement Procedures Act, as set forth by 12 U.S.C. § 2601 et seq, by acting as a "closing
or settlement agent" on the subject loan, whose services included distribution of loan
proceeds and escrowing of loan funds, in which capacity defendant Royal was not legally
permitted to act.  Defendant Royal, in acting as a "closing or settlement agent" also
violated Sections 484 and 495 of the New York State Judiciary Law, in that said
defendant undertook procedures in connection with the closing of the subject loan,
including the distribution of loan proceeds and escrowing of loan funds, which were
required to be performed by an attorney, as well as a party independent of the "lender"
to the loan. Defendant Royal, despite not being legally empowered in New York State
to serve as a "closing agent" and/or "settlement agent" on the subject loan,  assessed
fees for "closing services", which are clearly unreasonable and nonbonafide.   The
conduct engaged in by defendants Castle Point, Gearin and Royal, in connection with the
origination, processing and consummation of the subject loan were materially misleading,
knowingly deceptive, and unlawful, and as such, constituted violations of the New York
State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York
State General Business Law; and further, defendants' conduct with respect to the creation
of the subject mortgage loan involved several fraudulent misrepresentations and
concealment of material facts.  Defendant GMAC, as an alleged assignee of the mortgage
loan rendered by defendant Castle Point, assumes liability for all Truth In Lending Disclosure
violations herein set forth, including 15 U.S.C. § 1640; Regulation Z § 226.17; and

Regulation Z § 226.19(b).

17.    Defendant GMAC has never taken proper steps to record the "alleged" assignment of the subject mortgage to it from defendant Castle Point.  To date, the subject "assignment" has yet to be recorded with the County Clerk, County of New York, or any other like entity.  As such, defendant GMAC does not have standing to undertake any enforcement measures against plaintiff Vera N. Ngwa concerning the subject loan.

## STATUTORY AND REGULATORY FRAMEWORK

18.    This case arises under the Truth in Lending Act, as dictated by 15 U.S.C. § 1601 et Seq., as well as Federal Reserve Board Regulation Z, 12 C.F.R. § 226, which implements the act; New York State General Business Law Section 349, also known as the New York State Deceptive Acts and Practices Statute; New York State Banking Law Section 589; The Real Estate Settlement Procedures Act, commonly known as RESPA, as set forth by 12 U.S.C. § 2601 et seq; and Sections 484 and 495 of the New York State Judiciary law.

19.    The Truth In Lending Act provides relief to a borrower, in the form of monetary damages and rescission, by reason of a lender's failure to accurately disclose

a variety of financing information.  The statute also provides such relief to a borrower should a lender fail to comply with mandated rescission/cancellations procedures, as set forth by Regulation Z.

20.   New York State General Business Law Section 349, also known as the New York State Deceptive Acts and Practices Statute, prohibits deceptive acts or practices in the conduct of any business, trade or commerce, or in the provision of any service; and provides, *inter alia*, for money damages, injunctive relief, and attorney fees for its violation.

21.   New York Banking Law Section 589 , by its language, is designed to "ensure that the mortgage lending industry is operating fairly, honestly and efficiently, as well as free from deceptive and anti-competitive language" This statute protects consumers, in that it seeks to enforce reasonable standards governing the actions and conduct of mortgage lenders and their agents.

22.   The Real Estate Settlement Procedures Act is a consumer protection statute that requires that borrowers receive disclosures at various times.  The statute applies to all loans secured with a mortgage placed on a 1-4 family residential property, which includes refinances.

23.   The New York State Judiciary law sets forth the manner in which legal services are to be performed on behalf of either an individual or corporation; and who is empowered to perform such legal services.

## STATEMENT OF FACTS

24.    In or about December of 2006, plaintiff Vera N. Ngwa was "cold called" and solicited by defendants Castle Point and/or Gearin to refinance an existing mortgage, held by Option One Mortgage Corporation, upon which the plaintiff was already in foreclosure upon, containing an existing balance of $986,779.27.  The obligations imposed by the mortgage held by Option One Mortgage Corporation required a monthly payment from the plaintiff in the amount of approximately $6,035.00.   This existing mortgage was secured by plaintiff's residential property located at 10 West 123rd Street, New York, New York.

25.    Plaintiff was advised by defendants Castle Point and/or Gearin that she could obtain a "lower rate" of interest and "get a good deal" on a refinancing of the mortgages currently existing on plaintiff's residential premises.

26.    At the time of said solicitation, plaintiff Vera N. Ngwa was the sole individual on the deed to plaintiff's residential premises located at 10 West 123rd Street, New York, New York.  Plaintiff was also the sole individual named as a "borrower", in connection with the mortgage held by Option One Mortgage Corporation at that time, secured by plaintiff's residential premises.

27.    Pursuant to the representations made by defendants Castle Point and/or Gearin to the plaintiff, plaintiff Vera N. Ngwa, provided said defendants thereafter with her existing income information.  Plaintiff also executed tax income/income record authorizations for the purpose of allowing release of such information.

28.   Defendants Castle Point and/or Gearin thereafter forwarded said tax income/ income record authorizations to defendant Royal for processing.

29.   Plaintiff was thereafter advised by defendants Castle Point and/or Gearin, by telephone, that plaintiff qualified for a refinancing which would consist of a mortgage loan with payment terms more favorable than those imposed by her existing mortgage. The proposed new loan would be secured by plaintiff's residential premises located at 10 West 123rd Street, New York, New York.

30.   Plaintiff was also told by defendants Castle Point and/or Gearin that said proposed mortgage refinancing would  result in satisfaction of plaintiff's existent mortgage balance; as well as significant "cash out".  Plaintiff was also advised by defendants Castle Point and Gearin that her new mortgage would involve lower monthly payments than that existing on plaintiff's current mortgage obligations, at a reduced rate of interest.

31.   Plaintiff was further advised by defendants Castle Point and/or Gearin that plaintiff's existent income status would enable her to remain current on the proposed loan, which, in turn, would subsequently provide plaintiff with the option of a further refinancing which would result in another loan with even more favorable payment terms.

32.   Pursuant to said representations made to plaintiff by defendants Castle Point and/or Gearin, the plaintiff, Vera N. Ngwa, agreed to proceed on the proposed mortgage refinancing.

33.   Defendants Castle Point and/or  Gearin scheduled plaintiff for a "closing" of

said mortgage loan transaction.  This "closing" would consist of plaintiff being presented with numerous documents for her execution, by a representative of defendant Royal, whose sole purpose was to notarize said documents.  The scheduled date of this "closing" was January 25, 2007.

34.  Plaintiff was advised by defendants Castle Point and/or Gearing that it was not necessary for her to be represented by an attorney in connection with said "closing".

35.  At no time prior to the date of closing of the subject transaction (January 25, 2007) was the plaintiff ever presented with any Truth In Lending Statement and/or Truth In Lending information, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

36.  At no time prior to the date of closing of the subject transaction (January 25, 2007) was the plaintiff ever presented with any information and/or terms concerning the subject loan's "Annual Percentage Rate"; "Finance Charge"; "Amount Financed" or "Total of Payments", as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

37.  That on January 25, 2007, plaintiff was approached by a representative of defendant Royal, who presented her with multiple documents for her execution, in connection with the subject transaction.  Defendant Royal's representative possessed no knowledge of the contents of any of the document provided to plaintiff, as said individual's sole purpose was to notarize plaintiff's signature on such documents presented.

38.  The documents which were provided to plaintiff Vera N. Ngwa, at the

time of "closing" of the subject mortgage loan, included the following: **(i)** Document

entitled "MORTGAGE" (with a document annexed entitled "ADJUSTABLE RATE

RIDER"), dated January 25, 2007; **(ii)** "Document entitled "ADJUSTABLE RATE NOTE",

dated January 25, 2007; **(iii)** Document entitled "SETTLEMENT STATEMENT" (also

entitled "U.S. Department of Housing and Urban Development Statement", and

hereinafter referred to as "the HUD Statement"), evidencing the "Settlement Date"

as January 25, 2007;  **(iv)** Document entitled "FEDERAL TRUTH-IN-LENDING

DISCLOSURE STATEMENT, dated January 25, 2007; **(v)** Document entitled

"UNIFORM RESIDENTIAL LOAN APPLICATION", dated January 25, 2007.

39.   The document entitled "MORTGAGE" described plaintiff Vera N. Ngwa

as the "Borrower" to the subject loan.  This document also described defendant Castle

Point as the "Lender" to the loan.

40.   The document entitled "MORTGAGE" evidenced the subject mortgage loan

to be issued by defendant Castle Point to plaintiff as consisting of a principal loan balance

of $1,165,000.00, "plus interest and other amounts that may be payable".

41.   The document entitled "MORTGAGE" also made reference to an annexed

document described "ADJUSTABLE RATE RIDER".

42.   The document entitled "ADJUSTABLE RATE NOTE" stated that in return

for the loan that plaintiff were receiving from defendant Castle Point, plaintiff promised to

pay $1,165,000.00 as "principal", "plus interest to the order of Lender".  This document

referenced defendant Castle Point as the "Lender".

43.   The document entitled "ADJUSTABLE RATE NOTE" stated that pursuant

to the terms of the subject mortgage loan: "Interest will be charged on unpaid principal until the full amount of Principal has been paid". Plaintiff was obligated to pay interest on the subject loan at a yearly rate of 11.875 %. This interest rate was subject to change, pursuant to "Section 4 of this Note."

44.   The document entitled "ADJUSTABLE RATE NOTE" also set forth plaintiff's initial monthly payments as $11,871.36. The document added that such a payment amount "may change".

45.   The document entitled "ADJUSTABLE RATE NOTE" stated that the interest rate which plaintiff was obligated to pay "may change on the first date of February, 2012, and on that day every six month thereafter". Each date on which plaintiff's interest rate could change was described as a "Change Date".

46.   The document entitled "ADJUSTABLE RATE NOTE" stated that beginning with the first "Change Date", plaintiff's interest rate would be based on an "Index". The "Index" would be "the average of interbank offered rates for six month U.S. Dollar-denominated deposits in the London market ("LIBOR") as published in the Wall Street Journal.

47.   The document entitled "ADJUSTABLE RATE NOTE" stated that the most recent Index figure available as of the first business day of the month immediately preceding the month in which the "Change Date" occurs would be called the "Current Index".

48.   The document entitled "ADJUSTABLE RATE NOTE" further contained the following language: "Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND 500/1000 percentage points (6.500 0%) to the Current

Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date".

49. The document entitled "ADJUSTABLE RATE NOTE" stated that the interest rate that plaintiff would be "required to pay at the first Change Date will not be greater than 17.875% or less than 6.500%". Plaintiff's interest rate thereafter "will "never be increased or decreased on any single Change Date by more than TWO AND 000/100 percentage points (2.000 %) from the rate of interest" plaintiff would have been paying for "the preceding 6 months.".

50. The document entitled "ADJUSTABLE RATE NOTE" stated that plaintiff's interest rate would "never be greater than 17.875%".

51. The document entitled "ADJUSTABLE RATE RIDER" stated that plaintiff's interest rate on the subject mortgage loan "provides for an initial interest rate of 11.875%. This document further stated that plaintiff's interest rate "may change on the first date of February, 2008, and on that day every sixth month thereafter."

52. The document entitled "ADJUSTABLE RATE RIDER" stated that each date on which plaintiff's interest rate could change would be referred to as a "Change Date". Beginning with the first "Change Date", plaintiffs' interest rate would be based on an "index". The document described the "index" as "the average of interbank offered rates for six month U.S. dollar denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is

called the "Current Index."

53.  The document entitled "ADJUSTABLE RATE RIDER" stated to plaintiff that "Before each Change Date, the Note Holder will calculate my new interest rate by adding SIX AND 500/1000 percentage points (6.500%) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date"

54.  The document entitled "ADJUSTABLE RATE RIDER" stated that the interest rate that plaintiff would be "required to pay at the first Change Date will not be greater than 17.875% or less than 6.500%".  Plaintiff's interest rate thereafter "will "never be increased or decreased on any single Change Date by more than TWO AND 000/1000 percentage points (2.000%)" from the rate of interest plaintiffs would be paying "for the preceding 6 months".

55.  The document entitled "ADJUSTABLE RATE RIDER" stated that plaintiff's interest rate would "never be greater than 17.875%".

56.  The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT", provided to plaintiff Vera N. Ngwa on the date of "closing", "stated that the "**ANNUAL PERCENTAGE RATE**" of the subject mortgage loan (described as "The cost of your credit at a yearly rate") was 12.457%.

57.  The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT", provided to plaintiff Vera N. Ngwa on the date of "closing", stated that the "**FINANCE CHARGE**" of the subject mortgage loan (described as "The dollar

amount the credit will cost you") was $3,157,887.08.

58.   The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT", provided to plaintiff Vera N. Ngwa on the date of "closing", stated that the "Amount Financed" on the subject mortgage loan (described as "The amount of credit provided to you or on your behalf") was $1,115,801.95.

59.   The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT", provided to plaintiff Vera N. Ngwa on the date of "closing", stated that the "Total of Payments" of the subject mortgage loan (described as "The amount you will have paid after you have made all payments as scheduled") was $4,273,689.03.

60.   The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT", provided to plaintiff Vera N. Ngwa on the date of "closing", set forth a "payment schedule".  This schedule reflected that the first 359 months, payments would involve monthly amounts of $11,871.36.  The next payment would involve a monthly amounts of $11,870.79.

61.   The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT", provided to plaintiff Vera N. Ngwa on the date of "closing", contained the language: "Your loan contains a Variable Rate Feature.  Disclosures about the Variable Rate Feature have been provided to you earlier".

62.   The document entitled "FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT" stated that plaintiff would be giving a security interest in real property located at 10 West 123rd Street, New York, New York 10027.

63.   The HUD Statement received by plaintiff on the date of "closing" of the

subject loan transaction described defendant Castle Point as the "Lender" to the loan.

64.    The HUD Statement set forth arious charges assessable against the loan, enumerated as "settlement charges", which  included the following: **(i)** "Loan Origination Fee" to defendant Castle Point, in the amount of $46,600.00; **(ii)** "Application Fee" to defendant Castle Point, in the amount of $595.00; **(iii)** "Processing Fee" to defendant Castle Point, in the amount of $795.00;  **(iv)** "Settlement or closing fee" to defendant Royal, in the amount of $375.00; **(v)** "Title examination" to defendant Royal, in the amount of $350.00; **(vi)** Title Insurance to defendant Royal (enumerated as "RSS/Stewart Title"), in the amount of $3,153.00.

65.    Plaintiff, upon information and belief, did not receive a reduced premium reissuance rate on the title insurance she received in connection with the subject loan transaction, payable by the plaintiff from the proceeds of the subject mortgage loan.

66.    Plaintiff was not provided with any explanation or disclosure from defendants New Castle, Guerin and/or Royal explaining why she did not receive a reduced premium reissuance rate on the title insurance paid from the proceeds of the subject mortgage loan.

67.    The HUD Statement further reflected that the "Total Settlement Charges" assessed in connection with the subject loan transaction amounted to a figure of $83,131.40.  These funds were paid by the plaintiff from the proceeds of the subject loan.

68.    The HUD Statement reflected a "Disbursement" to "STEVEN J. BAUM", representing a "FORECLOSURE PAYOFF" in the amount of $986,779.27.  This amount was paid by the plaintiff from the proceeds of the subject transaction.

69. The HUD Statement evidenced the following terms: "Loan Amount": $1,165,000.00; "Total Settlement Charges": $83,131.40; and "Total Disbursements to Others": $1,008,265.27.

70. The HUD Statement identified plaintiff Vera N. Ngwa as the "Borrower" on the subject loan; and defendant Castle Point as the "Lender" to the subject transaction.

71. The HUD Statement indentified the "Settlement Agent" to the subject loan as defendant Royal.

72. Defendant Royal was also paid a fee of $375 for "settlement or closing" services", despite not being legally authorized or qualified to assess such a fee, as said services are required to be performed by an attorney, pursuant to the Real Estate Settlement Procedures Act; as well as by reason of escrow services which are necessarily performed by any individual or entity functioning in such capacity, pursuant to the Judiciary law of New York State.

73. Defendant Royal also acted in the capacity of a "settlement agent" on the subject loan, involving a lender whose principals are defendant Royal's majority owners.

74. The document entitled "Uniform Residential Loan Application", provided to plaintiff Vera N. Ngwa on the date of closing, was compiled by defendant Gearin.

75. The document entitled "Uniform Residential Loan Application" provided to plaintiff Vera N. Ngwa on the date of closing, reflected that the subject loan transaction involved a loan "Amount" of $1,165,000.00; "Interest Rate" of 11.875.00; over a period of "360 months", with the subject loan consisting of an "ARM" loan.

76.    The document entitled "Uniform Residential Loan Application", provided to plaintiff Vera N. Ngwa on the date of closing, reflected that plaintiff earned a monthly "Base Employment Income" of $30,000.00.

77.    The document entitled "Uniform Residential Loan Application", provided to plaintiff Vera N. Ngwa on the date of closing, reflected that plaintiff earned a "Gross Monthly Income" of $30,000.00, resulting from her monthly "Base Employment Income".

78.    The income information contained within said document entitled "Uniform Residential Loan Application" was entirely contrary to plaintiff's existing income information previously by the plaintiff to defendants Castle Point and Guerin.

79.    At no time prior to the date of "closing" of the date of the subject loan did plaintiff represent to defendants Castle Point and/or Gearin that plaintiff earned a gross monthly income of $30,000.00; as plaintiff was earning significantly less at that time.

80.    At no time did plaintiff knowingly represent to defendants Castle Point and/or Gearin that plaintiff earned a gross monthly income of $30,000, as plaintiff has never earned such a monthly amount.

81.    Plaintiff had never represented, either verbally or by written disclosure, to any of the defendants that her base employment monthly income was $30,000.00; as said income figure was entirely contrary to the income information previously provided to defendants Castle Point and/or Guerin.

82.    Defendants Castle Point and/or Gearin fraudulently inflated plaintiff's

income as a means to enable plaintiff to qualify for the subject mortgage financing subsequently issued by defendant Castle Point.

83.   Plaintiff executed W-9 forms/tax record authorizations, as well as 4506 form record employment/tax authorizations, which permitted defendants Castle Point, Gearin and/or Royal to obtain her tax/employment record and information evincing her applicable income information.

84.   Defendants Castle Point, Gearin and/or Royal failed to process said W-9 and 4506 forms; and failed to undertake any measures to verify the income information provided by the plaintiff.

85.   Defendants Castle Point and/or Gearin reiterated to plaintiff on the date of closing, and thereafter, that he terms of the subject loan were as favorable as plaintiff could receive, given plaintiff's existent credit and asset status.

86.   Defendants Castle Point and/or Gearin reiterated to plaintiff on the date of closing, and thereafter, that plaintiff could further qualify for a subsequent refinancing with more favorable loan terms by remaining current on the subject loan proposal for approximately one year.

87.   Defendants Castle Point and Gearin reiterated to plaintiff on the date of closing, and thereafter, that plaintiff could further qualify for a subsequent refinancing with more favorable loan terms by remaining current on the subject loan proposal for approximately one year, despite knowing full well that plaintiff had been unable to remain current on the previous mortgage held by Option One Mortgage Corporation, which imposed payment obligations of approximately $6,035.00 per month.

88.   Defendants Castle Point and Gearin reiterated to plaintiff on the date of closing,

and thereafter, that plaintiff could further qualify for a subsequent refinancing with more favorable loan terms by remaining current on the subject loan proposal for approximately one year, despite knowing full well that plaintiff had been unable to remain current on the previous mortgage held by Option One Mortgage Corporation, which imposed payment obligations of approximately $6,035.00 per month.

89.   Defendants Castle Point and Gearin reiterated to plaintiff on the date of closing, and thereafter, that plaintiff could further qualify for a subsequent refinancing with more favorable loan terms by remaining current on the subject loan proposal for approximately one year, despite knowing full well that plaintiff had gone into foreclosure on the previous mortgage held by Option One Mortgage Corporation, resulting from a loan which imposed payment obligations which were significantly less than that of the subject loan.

## AS AND FOR A FIRST CAUSE OF ACTION

90.   In the course of the consumer credit transaction between defendant Castle Point and plaintiff herein, defendant Castle Point violated numerous provisions of the Truth In Lending Act and Regulation Z, including the applicable disclosure requirements.

91.   That at no time prior to the "date of closing" of the subject transaction did defendant Castle Point, or any agents, servants, employees and/or representatives of defendant Castle Point, provide plaintiff Vera N. Ngwa with any Truth In Lending Statement and/or Truth In Lending information, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

92.   That at no time prior to the "date of closing" of the subject transaction did defendant Castle Point, or any agents, servants, employees and/or representatives of defendant Castle Point, provide plaintiff Vera N. Ngwa with any information concerning the "Annual Percentage Rate" applicable to the subject loan, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

93.   That at no time prior to the "date of closing" of the subject transaction did defendant Castle Point, or any agents, servants, employees and/or representatives of defendant Castle Point, provide plaintiff Vera N. Ngwa, with any information concerning the "Finance Charge" applicable to the subject loan, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

94.   That at no time prior to the "date of closing" of the subject transaction did defendant Castle Point, or any agents, servants, employees and/or representatives of defendant Castle Point, provide plaintiff Vera N. Ngwa with any information concerning the "Amount Financed" applicable to the subject loan, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

95.   That at no time prior to the "date of closing" of the subject transaction did defendant Castle Point, or any agents, servants, employees and/or representatives of defendant Castle Point, provide plaintiff Vera N. Ngwa with any information concerning the "Total Number of Payments" applicable to the subject loan, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1640 and Regulation Z § 226.17.

96.   That by reason of defendant Castle Point's refusal and/or failure to provide Truth In Lending Disclosure prior to the date of closing of the subject mortgage loan

transaction, as mandated by the Federal Truth In Lending Act, plaintiff Vera N. Ngwa

makes claim, pursuant to U.S.C. § 1635, for the following relief: **(i)** rescission/cancellation

of the subject mortgage loan/and/or rescission of this transaction; **(ii)** termination of any

security interest in plaintiff's residential premises created for defendant Castle Point

Mortgage, Inc. and thereafter assigned to defendant , GMAC Mortgage, LLC, under

this transaction; **(iii)** Return of any money or property given by the plaintiff to any party,

in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of

plaintiff's return of any loan proceeds received from the subject mortgage loan;

**(v)** enjoinment of defendant GMAC Mortgage, LLC during the pendency of this action,

and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure

proceedings on the plaintiff's residential premises, and from recording any deeds or

mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive

plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee,

as well as the costs of this action, pursuant to 15 U.S.C. § 1640(a).


## AS AND FOR A SECOND CAUSE OF ACTION


97.  That the plaintiff repeats and realleges each and every allegation set forth

in Paragraphs "1" through "95", as if fully set forth herein.

98.  That by reason of the refusal and/or failure of defendant Castle Point,

as well as said defendant's agents, servants, employees and/or representatives,

to provide Truth In Lending disclosure to the plaintiff, Vera N. Ngwa, prior to the date

of closing of the subject mortgage loan transaction, as mandated by the Federal Truth

In Lending Act, the plaintiff, Vera N. Ngwa, makes claim against the defendants,

Castle Point Mortgage, Inc. and GMAC Mortgage, LLC, for actual monetary damages,

pursuant to 15 U.S.C. § 1635(g) and 15 U.S.C. § 1640, in an amount to be determined at

trial; and, for statutory monetary damages, pursuant to 15 U.S.C. § 1635(g) and

15 U.S.C. § 1640, in an amount not to exceed TWO THOUSAND and XX/100 ($2,000,00)

DOLLARS for each and every Federal Truth In Lending violation enumerated herein;

and a reasonable attorney fee, as well as the costs of this action, pursuant to

15 U.S.C. § 1640(a).


## AS AND FOR A THIRD CAUSE OF ACTION


99.   That the plaintiff repeats and realleges each and every allegation set forth in

Paragraphs "1" through "95"; and "97", as if fully set forth herein

100.   The actions taken by defendants Castle Point, Gearin and/or Royal, in

connection with the processing of the subject mortgage loan were known by said

defendants to likely mislead the plaintiff, who were acting reasonably under the

circumstances then and there existing, in that the misrepresentations made by defendants

Castle Point and/or Gearin, as to plaintiff's income status at that time; and the

mischaracterization of material terms set forth within the HUD Statement were knowingly

deceptive, and unlawful, and as such, constituted violations of the New York State

Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State

General Business Law.

101.   Defendants Castle Point and/or Gearin knowingly inflated plaintiff's income

within said document entitled "Uniform Residential Loan Application", as said

defendants wrongfully and knowingly falsely imputed a monthly gross income figure for

the plaintiff, in the amount of $30,000.00, which defendants Castle Point and/or Gearin

knew were inaccurate; and which was entirely contrary to the income information

provided said defendants by the plaintiff.

102.   Defendants Castle Point and/or Gearin had knowingly significantly inflated

plaintiff's income within the "Uniform Residential Loan Application" as a means to ensure

that plaintiff would qualify for the subject loan, as plaintiff's actual income status at that

time would not have been sufficient to otherwise enable plaintiff to obtain said financing.

103.   Defendants Castle Point and/or Gearin knowingly misrepresented to plaintiff

that her income would enable her to qualify for the subject financing; and that plaintiff

could subsequently thereafter qualify for an additional refinancing with even more favorable

loan terms.  Defendants Castle Point and/or Gearin knowingly misrepresented this fact to

plaintiff for the purpose of preventing plaintiff from learning and/or realizing that the

subject loan transaction was detrimental to her; and to dissuade plaintiff from exploring

other loan opportunities available to plaintiff at that time.

104.   Defendants Castle Point and/or Gearin knowingly misrepresented to plaintiff

that her income would enable her to qualify for the subject financing; when defendants

were fully aware that plaintiff was already in foreclosure on her existing mortgage at the time of her application on the subject loan, which involved payment obligations which were significantly less than that imposed by the subject loan transaction.

105.   Defendants Castle Point and/or Gearin knowingly misrepresented to plaintiff that the subject loan terms were the most favorable terms which plaintiff could receive, given her then existent credit and asset status.  Defendants Castle Point and/or Gearin knowingly misrepresented this fact to plaintiff for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; and to dissuade plaintiff from exploring other loan opportunities available to her at that time.

106.   Defendants Castle Point and/or Gearin knowingly misrepresented to plaintiff that she could further qualify for even more favorable loan payment terms by remaining current on the subject loan transaction for a period of one year, when defendants knew this to be untrue; and when defendants knew that plaintiff would be unable to remain current on the subject loan for such a period of time.  Defendants knowingly misrepresented this fact to plaintiff for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; and to dissuade plaintiff from exploring other loan opportunities available to her at that time.

107.   Defendants Castle Point and Gearin knowingly failed to provide plaintiff with Truth In Lending Disclosure prior to the date of "closing" of the subject mortgage loan, as mandated by the Truth In Lending Act, for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; and to dissuade plaintiff from exploring other loan opportunities available to her at that time.

108.   Defendants Castle Point, Gearin and/or Royal knowingly acted improperly, in discouraging plaintiff from retaining an attorney to represent her in connection with the subject transaction; and then having plaintiff proceed with a "closing" which involved a representative from defendant Royal, whose sole purpose was to notarize documents executed by the plaintiff, and who possessed no knowledge of the contents of the documents being presented to plaintiff.  Defendants acted in such manner so as to prevent the plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; and to dissuade plaintiff from exploring other loan opportunities available to her at that time.

109.   Defendants Castle Point and Royal also knowingly acted improperly, in having defendant Royal serve as a "settlement agent" and/or "closing agent" on a loan transaction involving a lender, when both defendant Castle Point and/or Royal are operated and/or owned by the same individuals.

110.   Defendants Castle Point and/or Royal failed to disclose to plaintiff the conflict imposed by related entities serving as a lender and "settlement agent/ closing agent" on a mortgage loan transaction, so as to prevent plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; and to dissuade plaintiff from exploring other loan opportunities available to her at that time.

111.   Defendants Castle Point and Royal also knowingly and intentionally failed to provide plaintiff with any explanation or disclosure explaining why she did not receive a reduced premium reissuance rate on the title insurance paid from the proceeds of the subject mortgage loan, despite the subject transaction consisting of a refinance.

112.   Defendants Castle Point and Royal also knowingly and intentionally failed to provide plaintiff with any explanation or disclosure explaining why she did not receive a reduced premium reissuance rate on the title insurance paid from the proceeds of the subject mortgage loan, for the purpose of preventing plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her; and to dissuade plaintiff from exploring other loan opportunities available to them at that time.

113.   The actions undertaken by defendants Castle Point, Gearin and/or Royal, in connection with their material concealment of facts relating to the subject loan, as well as defendants' failure to provide plaintiff with mandated Truth In Lending Disclosure prior to the date of the subject closing, were  materially misleading and knowingly deceptive, in that such actions were designed by said defendants to prevent plaintiff from learning and/or realizing that the subject loan transaction was detrimental to her;  and to dissuade the plaintiff from canceling or rescinding the subject mortgage transaction,  as well as to convince plaintiff to forego other loan opportunities available to her at that time.

114.   That actions taken by defendants Castle Point, Guerin and/or Royal involved conduct which said defendants knew were materially misleading and knowingly deceptive, and as such, constituted a violation of the New York State Deceptive Acts and Practices Statute, as codified by General Business Law Section 349.

115.   That by reason of said material misdisclosures, the plaintiff, Vera N. Ngwa, makes claim, pursuant to The New York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State General Business Law, for

the following relief: **(i)** rescission/cancellation of the subject mortgage loan and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Castle Point Mortgage, Inc., and thereafter assigned to GMAC Mortgage, LLC, under this transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant GMAC Mortgage, LLC during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee, pursuant to New York State General Business Law Section 349(h).


## AS AND FOR A FOURTH CAUSE OF ACTION


116.    That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "95"; "97"; and "99" through "114", as if fully set forth herein.

117.    That by reason of the knowingly deceptive and unlawful actions undertaken by defendants Castle Point Mortgage, Inc., Heather Gearin and Royal Settlement Services, Inc., which were known by said defendants to likely mislead the plaintiff, who was acting reasonably under the circumstances then and there existing, the plaintiff, Vera

N. Ngwa, makes claim against defendants Castle Point Mortgage, Inc., Heather Gearin

and Royal Settlement Services, Inc., for monetary damages, pursuant to the New

York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New

York State General Business Law; in an amount to be determined at trial; and a reasonable

attorney fee, pursuant to New York State General Business Law Section 349(h).


### AS AND FOR A FIFTH CAUSE OF ACTION


118.   That the plaintiff repeats and realleges each and every allegation set forth in

Paragraphs "1" through "95"; "97"; "99" through "114" and "116", as if fully set forth

herein.

119.   The "loan origination fee", in the amount of $46,600.00, payable to defendant

Castle Point, from the proceeds of the subject loan, was known by defendants Castle Point

and Gearin to be excessive, in that it was drastically disproportionate to the services time

and/or degree of expertise rendered by defendants Castle Point and/or Gearin.

120.   The "loan origination fee", in the amount of $46,600.00, payable to defendant

Castle Point, from the proceeds of the subject loan, was known by defendants Castle

Point and Gearin to be excessive and to plaintiff's detriment in that it drastically reduced

the amount of moneys which plaintiff received at consummation of the loan; and that said

fees allowed for an inflated commission fee for defendant Gearin.

121.   The "loan origination fee", in the amount of $46,600.00, payable to

defendant Castle Point, from the proceeds of the subject loan, was known by defendants

Castle Point and/or Gearin to be excessive, in that it was drastically disproportionate to the

services time and/or degree of expertise rendered by said defendants, and as such constituted

a violation of New York State Banking Law Section 589.

122.   Defendants Castle Point and/or Gearin in charging plaintiff with said

mortgage "loan origination fee" payable by the plaintiff from the proceeds of the subject

loan, did not operate fairly, honestly and efficiently, and acted deceptively in assessing said

fee for services rendered by defendants Castle Point and/or Gearin, in connection with the

subject mortgage loan.

123.   Defendants Castle Point and/or Gearin also acted unfairly, dishonestly and

inefficiently in assessing plaintiff with an additional "Application Fee" , in the amount of

$595.00, and a "Processing Fee" in the amount of $795.00, which was payable to defendant

Castle Point, by the plaintiff, from the proceeds of the subject loan, despite plaintiff having

already been assessed with said "loan origination fee" in the amount of $46,600.00.

124.   That by reason of the unfair, dishonest and inefficient conduct perpetrated

by defendant Castle Point Mortgage, Inc., in connection with services allegedly rendered

by defendants Castle Point Mortgage, Inc. and Heather Gearin, the plaintiff, Vera N.

Ngwa, makes claim for money damages, pursuant to Section 589 of the New York State

Banking Law, against the defendant, Castle Point Mortgage, Inc., in an amount to be

determined at trial; and a reasonable attorney fee, pursuant to the dictates of the New York

State Banking Law.

## AS AND FOR A SIXTH CAUSE OF ACTION

125.   That the plaintiff repeats and realleges each and every allegation set forth in
Paragraphs "1" through "95"; "97"; "99" through "114"; "116" and "118" through
"123", as if fully set forth herein.

126.   The actions taken by defendants Castle Point, Gearin and Royal, in
connection with the processing of the subject mortgage, as well as with respect to services
rendered on the loan, were designed to designed to prevent plaintiff from exploring other
borrowing opportunities which defendants knew were more favorable to the plaintiff.

127.   Defendants Castle Point and Gearin knew that the amount of moneys
assessed for the "loan origination fee", in the amount of $46,600.00; and all "settlement
charges" enumerated within the HUD Statement, were excessive; and that the subject
loan ultimately failed to provide the plaintiff with any "net tangible benefit".  As such,
defendants completely misrepresented to the plaintiff that the subject mortgage loan was
beneficial to her; while engaging in conduct tantamount to "equity stripping".

128.   Defendants  Castle Point and/or Gearin were fully aware that plaintiff's
actual income status at the time of application for the subject loan was not sufficient to
enable plaintiff to qualify for the subject loan transaction; or to allow plaintiff to remain
current on the resultant mortgage.

129.   Defendants Castle Point, Gearin and/or Royal knowingly ignored the
information concerning plaintiff's income which was provided by the plaintiff herein;

while refusing to act upon tax record authorizations duly executed by plaintiff, which were provided to defendants Castle Point and/or Gearin.

130.   Defendants Castle Point and/or Gearin significantly inflated plaintiff's income within documents subsequently rendered, so as to enable plaintiff to show the income necessary in allowing her to qualify for the subject loan.

131.   Defendants Castle Point and/or Gearin knowingly misrepresented to plaintiff that her income would enable her to qualify for the subject financing; and that plaintiff could subsequently thereafter qualify for an additional refinancing with even more favorable loan terms.  In reliance upon said representation, plaintiff Vera N. Ngwa agreed to commit to and/or proceed with the subject loan transaction.

132.   Defendants Castle Point and/or Gearin knowingly misrepresented to plaintiff that the subject loan terms were the most favorable terms which plaintiff could receive, given her then existent credit status.  In reliance upon said representation, plaintiff Vera N. Ngwa agreed to commit to and/or proceed with the subject loan transaction.

133.   Defendants Castle Point and/or Gearin knowingly misrepresented to plaintiff that she could further qualify for even more favorable loan payment terms by remaining current on the subject loan transaction for a period of one year.  In reliance upon said representation, plaintiff Vera N. Ngwa agreed to commit to and/or proceed with the subject loan transaction.

134.   The misrepresentations made by defendants Castle Point and/or Gearin, as well as their concealment of facts from plaintiff, concerning the nature and status of the subject mortgage loan; including having refused to provide plaintiff with any Truth In

Lending Disclosure prior to the date of the subject closing, were relied upon by plaintiff, to her detriment, and resulted in plaintiff agreeing to commit to and/or proceed with the subject loan transaction, while also convincing plaintiff to forego exercising her right to cancel the loan; while also foregoing other borrowing/loan opportunities which defendants Castle Point and/or Gearin knew were available to the plaintiff at that time.

135.   Defendants Castle Point and/or Gearin were entirely aware that the "loan origination fee" in the amount $46,600.00; as well as the "Application fee" and "Processing fee" paid to said defendants by the plaintiff, from the proceeds of the subject loan, were excessive, given the nature of the services actually rendered by said defendants, in connection with a loan which merely constituted a refinancing of a previous mortgage to which plaintiff was a party.  Defendants Castle Point and/or Gearin were entirely aware that said fees paid to defendant Castle Point were unfair and to plaintiff's detriment, in that it drastically reduced the amount of moneys which plaintiff received at consummation of the loan; and that said fees allowed for an excessive commission fee for defendant Gearin.

136.   As a means of concealing the detrimental nature of the subject loan transaction from plaintiff, defendants Castle Point, Gearin and/or Royal conspired to have defendant Royal acted as "Settlement Agent/Closing Agent" on the subject transaction.  In this way, defendant Castle Point, as a "sister corporation" to Royal, was able to completely dictate the manner in which the "closing" of the loan proceeded, all to plaintiff's detriment.

137.   All of the misrepresentations and concealment of material facts engaged

in by defendants Castle Point, Gearin and/or Royal, their agents, servants, employees and/or representatives, were intended to deceive and defraud plaintiff, and/or prevent plaintiff from discovering defendants' fraudulent misrepresentations and/or fraudulent scheme, and plaintiff relied on these misrepresentations and concealment of material facts to her detriment.

138. The fraudulent misrepresentations and fraudulent concealment of material facts rendered by defendants Castle Point, Gearin and/or Royal, prevented plaintiff from conducting meaningful exploration of more favorable loan opportunities available to her at the time of consummation of the subject mortgage loan.

139. Plaintiff, but for said defendants' fraudulent representations and fraudulent concealment of material facts, would not have proceeded with efforts to make payments on said loan, which the plaintiff has not been able to maintain payment upon, resulting in damage to plaintiff's credit; and impairment of title to her real property.

140. That by reason of the fraudulent misrepresentations and concealment of material facts rendered by defendants Castle Point Mortgage, Inc., Heather Gearin and Royal Settlement Services, Inc., the plaintiff, Vera N. Ngwa, has sustained actual damages of at least ONE MILLION DOLLARS and XX/00 ($1,000,000.00) DOLLARS; wrongful impairment of title to their property; and damage to her credit in an amount not fully known or ascertainable.

141. That plaintiff has suffered constant depression anxiety, loss of sleep and stress as a result of having been victimized by defendants' fraud.

142. That upon information and belief, the plaintiff is entitled to compensatory

damages in an amount to be determined by the trier of fact.

143.   That upon information and belief, the gross, wanton and willfully fraudulent conduct of defendants Castle Point, Gearin and/or Royal, their agents, servants, employees and/or representatives, were not only morally evil and reprehensible, as it has affected the plaintiff, but it is also part of a pattern of predatory lending directed at vulnerable segments of the public.

144.   That by reason of the gross, wanton and willfully fraudulent conduct directed to the plaintiff, as well as vulnerable segments of the public, and in order to both punish defendants, their agents, servants, employees and/or representatives, from engaging in the same or similar conduct in the future, the plaintiff, Vera N. Ngwa, demands an award of punitive damages in the amount of TEN MILLION and XX/100 ($10,000.000.00) DOLLARS against  the defendants, Castle Point Mortgage, Inc., Heather Gearin and/or Royal Settlement Services, Inc., jointly and individually

145.   That by reason of defendant' fraudulent concealment of material information and terms essential to the processing of the subject loan, as well as defendants' fraudulent conduct and misrepresentations made in connection with the subject mortgage loan, the plaintiff, Vera N. Ngwa, makes claim against the defendants, Castle Point Mortgage, Inc., Heather Gearin and Royal Settlement Services, Inc., both jointly and individually, for actual monetary damages, in the amount of ONE MILLION DOLLARS and XX/100 ($1,000,000.00) DOLLARS; for compensatory damages in an amount to be determined by the trier of fact; and for punitive monetary damages, in the amount of TEN MILLION and XX/100 ($10,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION

146.    That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "95"; "97"; "99" through "114"; "116"; "118" through "123", and "125" through "144", as if fully set forth herein.

147.    The fraudulent misrepresentations and material concealment of facts made by defendants Castle Point, Gearin and/or Royal, in connection with the processing and closing of the subject loan, as well as the disclosure of its terms, constituted inequitable and unconscionable conduct, by which the plaintiff has been victimized.

148.    Plaintiff is entitled to cancellation/discharge and/or rescission of the subject loan, based upon general principles of equity.

149.    That by reason of the fraud, inequity, and unconscionable conduct rendered by defendants Castle Point Mortgage, Inc., Heather Gearin and/or Royal Settlement Services, Inc., the plaintiff, Vera N. Ngwa, makes claim for the following relief:

**(i)** rescission/cancellation of the subject mortgage loan and/or rescission of this transaction;

**(ii)** termination of any security interest in plaintiff's residential premises created for defendant Castle Point Mortgage, Inc., and thereafter assigned to defendant GMAC Mortgage, LLC, under this transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant GMAC Mortgage, LLC during

the pendency of this action, and permanently thereafter, from instituting, prosecuting,

or maintaining foreclosure proceedings on the plaintiff's residential premises, and from

recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking

any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a

reasonable attorney fee.


## AS AND FOR AN EIGHTH CAUSE OF ACTION


150.    That the plaintiff repeats and realleges each and every allegation set forth in

Paragraphs "1" through "95"; "97"; "99" through "114"; "116"; "118" through "123";

"125" through "144" and "146" through "148", as if fully set forth herein.

151.    That the plaintiff, Vera N. Ngwa, had provided and/or authorized

defendants Castle Point, Gearin and/or Royal with all information within her possession

concerning her existent employment income at the time of her application for financing,

including pay stubs, W-2 forms and tax return documents.

152.    That the plaintiff, Vera N. Ngwa, executed employment income

authorization forms in connection with the subject consumer credit transaction, which

consisted of Request for Verification of Employment Forms and 4506 Tax Record income

authorizations.  These authorizations enabled defendants Castle Point and/or Royal to

verify plaintiff's employment income information which had been provided by plaintiff.

153.    That the employment income authorizations executed by the plaintiff,

Vera N. Ngwa, consisting of W-9 forms/tax record authorizations, as well as 4506

form record employment/tax authorizations, were duly executed and provided by plaintiff

to defendants Castle Point, Gearin and/or Royal

154.   That defendants Castle Point, Gearin and/or Royal completely failed to act

upon said employment authorizations.

155.   That as a result of defendant Castle Point's failure to take measures to

verify plaintiff's employment income or status, defendant Castle Point was negligent in

the underwriting of the subject consumer credit transaction, as well as the subsequent

approval of plaintiff's subject loan application, as plaintiff's actual income at that time

was entirely insufficient to allow her to qualify for the subject financing.

156.   That this action falls within one or more of the exceptions set forth in

C.P.L.R. 1602.

157.   That by reason of defendant Castle Point Mortgage, Inc.'s negligence in the

underwriting of the subject consumer credit transaction, as well as the subsequent approval

of plaintiff's subject loan application, the plaintiff, Vera N. Ngwa, makes claim against

defendant Castle Point Mortgage, Inc. for actual monetary damages, in an amount which

exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

and which warrants the jurisdiction of this Court.


## AS AND FOR A NINTH CAUSE OF ACTION

158.   That the plaintiff repeats and realleges each and every allegation set forth in

Paragraphs "1" through "95"; "97"; "99" through "114"; "116"; "118" through "123";

"125" through "144";  "146" through "148"; and "150" through "156", as if fully set forth

herein.

159.   That the alleged assignment of the subject mortgage loan from defendant

Castle Point to defendant GMAC has, upon information and belief, never been

documented, effectuated  and/or recorded in the County Clerk, County of New York, or

with any like entity.

160.   That defendant GMAC has wrongfully attempted to collect payments from

the plaintiff on the subject transaction, pursuant to an assignment which has never been

validly documented, effectuated and/or recorded in the County Clerk, County of New

York, or with any like entity.

161.   That defendant GMAC commenced a foreclosure action against the plaintiff,

in connection with plaintiff's default on the subject loan, at which time said defendant

admitted within its suit papers filed that the assignment of the loan from defendant

Castle Point to defendant GMAC had not been recorded.

162.   That at no time prior to the commencement of this action has defendant

GMAC  provided the plaintiff with any evidence establishing a documented, effectuated

and/or recorded assignment of the subject loan from defendant Castle Point to defendant

GMAC.

163.   That as defendant GMAC has not documented, effectuated and/or recorded

the alleged assignment of the subject mortgage from defendant Castle Point, the subject

"assignment" must be deemed invalid.

164.   That as defendant GMAC has not documented, effectuated and/or recorded its alleged assignment of the subject mortgage from defendant Castle Point, the subject "assignment" is thereby invalidated; and defendant GMAC is estopped from collecting moneys from the plaintiff on the subject loan transaction and/or enforcing the subject mortgage.

165.   That by reason of defendant GMAC Mortgage, LLC having failed to document, effectuated and/or record the alleged assignment of the subject mortgage from defendant Castle Point, the plaintiff, Vera N. Ngwa, makes claim, for the following relief: **(i)** termination of any security interest in plaintiff's residential premises created for defendant GMAC Mortgage, LLC; **(ii)** enjoinment of defendant GMAC Mortgage, LLC, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of the subject residential premise; **(iii)** a reasonable attorney fee.


## AS AND FOR A TENTH CAUSE OF ACTION


166.   That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "95"; "97"; "99" through "114"; "116"; "118" through "123"; "125" through "144"; "146" through "148";"150" through "156"; and "158" through

"164", as if fully set forth herein.

167.   That defendant GMAC improperly commenced a foreclosure action against the plaintiff, Vera N. Ngwa, despite having failed to record the document, effectuate and/or record the alleged assignment of the subject loan by defendant Castle Point.

168.   That the actions taken by defendant GMAC have resulted in irreparable damage to plaintiff's credit standing, as well as impairment of plaintiff's title.

169.   That plaintiff has suffered constant depression anxiety, loss of sleep and stress as a result of defendant GMAC wrongfully commencing a foreclosure action against her, which could result in loss of ownership of her property.

170.   That upon information and belief, the plaintiff is entitled to compensatory damages from defendant GMAC, by reason of said defendant's improper actions to enforce said mortgage, despite not having a validly documented, effectuated and/or recorded assignment.

171.   That by reason of the improper actions of defendant GMAC Mortgage, LLC, taken to enforce payment obligations on the plaintiff herein, in connection with the subject mortgage loan transaction, the plaintiff, Vera N. Ngwa, makes claim against the defendant, GMAC Mortgage, LLC. for actual monetary damages, in the amount of  ONE MILLION DOLLARS and XX/100  ($1,000,000.00) DOLLARS; and for compensatory damages in an amount to be determined by the trier of fact

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

172.   That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "95"; "97"; "99" through "114"; "116"; "118" through "123"; "125" through "144"; "146" through "148";"150" through "156"; "158" through "164"; and "166" through "170", as if fully set forth herein.

173.   That defendant Royal acted as the "settlement or "closing" agent on the subject mortgage loan, as reflected by the HUD Statement.  As such, defendant's services included distributing proceeds on the subject loan, as well as to take possession of loan proceeds during the period wherein plaintiff had the right to rescind and/or cancel the loan.

174.   Defendants Castle Point and Royal acted improperly in permitting and/or designating defendant Royal as the "settlement or closing" agent on the subject mortgage loan, in that said services are required to be performed by an attorney, pursuant to the Real Estate Settlement Procedures Act, as set forth by 12 U.S.C. § 2601 et Seq.   Furthermore, both defendants Castle Point and/or Royal were aware that defendant Royal, as "settlement or closing agent", was responsible for escrowing moneys derived from the proceeds of the subject loan, during the period wherein plaintiff had the right to rescind and/or cancel the loan, which defendant Royal was not legally empowered or qualified to do; and which services defendants Castle Point and/or Royal knew had to be performed by an attorney.

175.   Defendants Castle Point and Royal acted improperly in permitting and/or

designating defendant Royal as the "settlement or closing" agent on the subject mortgage loan, in that said services are required to be performed by a person and/or entity independent of the lender, pursuant to the Real Estate Settlement Procedures Act, as set forth by 12 U.S.C. § 2601 et Seq.  Both defendants Castle Point and/or Royal were aware that defendant Royal, as "settlement or closing agent", was responsible for escrowing moneys derived from the proceeds of the subject loan, during the period wherein plaintiff had the right to rescind and/or cancel the loan.  As such defendant Castle Point, a related entity to defendant Royal, was able to entirely control the "closing" of the subject transaction.

176.   By acting as "closing and/or settlement agent" on the subject loan, defendant Royal was enabled to obtain fees for services actually rendered on the subject loan, which defendants Castle Point and/or Royal knew were not reasonable or bonafide, and which were in violation of the Real Estate Settlement Procedures Act, as set forth by 12 U.S.C. § 2601 et Seq.

177.   That by reason of defendant Royal improperly serving as "closing and/or settlement agent" on the subject loan, plaintiff Vera N. Ngwa makes claim against the defendants, Castle Point Mortgage, Inc. and Royal Settlement Services, Inc., for actual monetary damages,  pursuant to the Real Estate Settlement Procedures Act, as set forth by 12 U.S.C. § 2601 et Seq., as well as statutory money damages, pursuant to the dictates of said statute; and a reasonable attorney fee, as well as the costs of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION

178.    That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "95"; "97"; "99" through "114"; "116" and "118" through "123"; "125" through "144"; "146" through "148";"150" through "156"; "158" through "164"; "166" through "170"; and "172" through "176", as if fully set forth herein.

179.    That defendant Royal acted as the "settlement or "closing" agent on the subject mortgage loan, as reflected by the HUD Statement.  As such, defendant's services included distributing proceeds on the subject loan, as well as to take possession of loan proceeds during the period wherein plaintiff had the right to rescind and/or cancel the loan.

180.    That defendants Castle Point and Royal acted improperly in permitting and/or designating defendant Royal as the "settlement or closing" agent on the subject mortgage loan, in that said services are required to be performed by an independent attorney, pursuant to the New York State Judiciary Law, as set forth by Sections 484 and 495 of said statute.  Furthermore, defendants Castle Point and Royal were aware that defendant Royal, as "settlement or closing agent", was responsible for escrowing moneys derived from the proceeds of the subject loan, during the period wherein plaintiff had the right to rescind and/or cancel the loan, which defendant Royal was not legally empowered or qualified to  do; and which services defendants Castle Point and/or Royal knew had to be performed by an independent attorney.

181.    In defendant Royal acting as "closing and/or settlement agent" on the

subject loan, defendant Royal was able to obtain excessive fees for services actually rendered on the subject loan, which defendant Royal knew were not reasonable or bonafide, and which were in violation of the New York State Judiciary Law, as set forth by Sections 484 and 495 of said statute.

182.   That by reason of defendant Royal improperly serving as "closing and/or settlement agent" on the subject loan, the plaintiff, Vera N. Ngwa makes claim against the defendants, Castle Point Mortgage, Inc. and Royal Settlement Services, Inc., for actual monetary damages, pursuant to the New York State Judiciary Law, as set forth by Sections 484 and 495 of said statute, as well as statutory money damages, pursuant to the dictates of said statute; and a reasonable attorney fee, as well as the costs of this action.


**PRAYER FOR RELIEF**


**WHEREFORE**, it is respectfully requested prayed that this Court

**(A).**   Assume jurisdiction of this case;

**(B)**   Upon the FIRST CAUSE OF ACTION, the plaintiff, Vera N. Ngwa, makes claim against the defendants, Castle Point Mortgage, Inc. and GMAC Mortgage, LLC, pursuant to U.S.C. § 1635, for the following relief: **(i)** rescission/cancellation of the subject mortgage loan/and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Castle Point Mortgage, Inc., and thereafter assigned to defendant GMAC Mortgage, LLC, under this transaction;

**(iii)** Return of any money or property given by the plaintiff to any party, in connection with

the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any

loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant GMAC

Mortgage, LLC, during the pendency of this action, and permanently thereafter, from

instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential

premises, and from recording any deeds or mortgages concerning plaintiff's property, or

from otherwise taking any steps to deprive plaintiff of her ownership interest of that

residential premise; **(vi)** a reasonable attorney fee, as well as the costs of this action, pursuant

to 15 U.S.C. § 1640(a);

      **(C)** Upon the SECOND CAUSE OF ACTION, the plaintiff, Vera N. Ngwa, makes

makes claim against the defendants, Castle Point Mortgage, Inc. and GMAC Mortgage, LLC,

for actual monetary damages, pursuant to 15 U.S.C. § 1635(g) and 15 U.S.C. § 1640, in an

amount to be determined at trial; and, for statutory monetary damages, pursuant to 15 U.S.C. §

1635(g) and 15 U.S.C. § 1640, in an amount not to exceed TWO THOUSAND and XX/100

($2,000,00) DOLLARS for each and every Federal Truth In Lending violation enumerated

herein, and a reasonable attorney fee, as well as the costs of this action, pursuant to 15 U.S.C. §

1640(a);

      **(D)** Upon the THIRD CAUSE OF ACTION, the plaintiff, Vera N. Ngwa, makes

makes claim, pursuant to The New York State Deceptive Acts and Practices Statute, as

codified by Section 349 of the New York State General Business Law, for the following

relief: **(i)** rescission/cancellation of the subject mortgage loan and/or rescission of this

transaction; **(ii)** termination of any security interest in plaintiff's residential premises created

for defendant Castle Point Mortgage, Inc., and thereafter assigned to GMAC Mortgage, LLC,

under this transaction; **(iii)** Return of any money or property given by the plaintiff to any party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant GMAC Mortgage, LLC during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee, pursuant to New York State General Business Law Section 349(h).

     **(E)**  Upon the FOURTH CAUSE OF ACTION, the plaintiff, Vera N. Ngwa, makes claim against defendants Castle Point Mortgage, Inc., Heather Gearin and Royal Settlement Services, Inc., for monetary damages, pursuant to the New York State Deceptive Acts and Practices Statute, as codified by Section 349 of the New York State General Business Law; in an amount to be determined at trial; and a reasonable attorney fee, pursuant to New York State General Business Law Section 349(h).

     **(F)**  Upon the FIFTH CAUSE OF ACTION, the plaintiff, Vera N. Ngwa, makes claim against the defendant, Castle Point Mortgage, Inc., for money damages, pursuant to Section 589 of the New York State Banking Law, in an amount to be determined at trial; and a reasonable attorney fee, pursuant to the dictates of the New York State Banking Law.

     **(G)** Upon the SIXTH CAUSE OF ACTION, the plaintiff, plaintiff, Vera N. Ngwa, makes claim against the defendants, Castle Point Mortgage, Inc., Heather Gearin and

Royal Settlement Services, Inc., both jointly and individually, for actual monetary damages, in the amount of ONE MILLION DOLLARS and XX/100  ($1,000,000.00) DOLLARS; for compensatory damages in an amount to be determined by the trier of fact; and for punitive monetary damages, in the amount of TEN MILLION and XX/100 ($10,000,000.00) DOLLARS.

**(H)**   Upon the SEVENTH CAUSE OF ACTION, the plaintiff, the plaintiff, Vera N. Ngwa, makes claim for the following relief: **(i)**  rescission/cancellation of the subject mortgage loan and/or rescission of this transaction; **(ii)** termination of any security interest in plaintiff's residential premises created for defendant Castle Point Mortgage, Inc., and thereafter assigned to defendant GMAC Mortgage, LLC, under this transaction; **(iii)** Return of any money or property given by the plaintiff to any  party, in connection with the subject mortgage loan; **(iv)** judicial enforcement of forfeiture of plaintiff's return of any loan proceeds received from the subject mortgage loan; **(v)** enjoinment of defendant GMAC Mortgage, LLC during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of that residential premise; **(vi)** a reasonable attorney fee.

**(I)**  Upon the EIGHTH CAUSE OF ACTION, the plaintiff, Vera N, Ngwa makes claim against the defendant, Castle Point Mortgage, Inc. for actual monetary damages, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

**(J)** Upon the NINTH CAUSE OF ACTION, the plaintiff, Vera N. Ngwa Fiorenza, makes claim against the defendant, GMAC Mortgage, LLC. for the following relief: **(i)** termination of any security interest in plaintiff's residential premises created for defendant GMAC Mortgage, LLC; **(ii)** enjoinment of defendant GMAC Mortgage, LLC during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiff's residential premises, and from recording any deeds or mortgages concerning plaintiff's property, or from otherwise taking any steps to deprive plaintiff of her ownership interest of the subject residential premise; **(iii)** a reasonable attorney fee.

**(K)** Upon the TENTH CAUSE OF ACTION, the plaintiff, Vera N. Ngwa, makes claim against the defendant, GMAC Mortgage, LLC, for actual monetary damages, in the amount of ONE MILLION DOLLARS and XX/100 ($1,000,000.00) DOLLARS; and for compensatory damages in an amount to be determined by the trier of fact

**(L)** Upon the ELEVENTH CAUSE OF ACTION, the plaintiff, Vera N. Ngwa, makes claim against the defendants, Castle Point Mortgage, Inc. and Royal Settlement Services, Inc., for actual monetary damages, pursuant to the Real Estate Settlement Procedures Act, as set forth by 12 U.S.C. § 2601 et Seq., as well as statutory money damages, pursuant to the dictates of said statute; and a reasonable attorney fee, as well as the costs of this action.

**(M)** Upon the TWELFTH CAUSE OF ACTION, the plaintiff, Vera N. Ngwa, makes claim against the defendant, Royal Settlement Services, Inc., for actual monetary damages, pursuant to the New York State Judiciary Law, as set forth by Sections 484 and

495 of said statute, as well as statutory money damages, pursuant to the dictates of said statute; and a reasonable attorney fee, as well as the costs of this action.

**(N)** the costs, interest and disbursements of this action; and for such other and further relief as to this Court may seem just and proper.

Dated: Brooklyn, New York
        January 21, 2008

Yours, etc.

**DAVID M. HARRISON, ESQ.**
Attorney for Plaintiff
VERA N. NGWA
Office & P.O. Address
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109
Bar No.: DH6188

By: _____
        David M. Harrison, Esq.

UNITED STATES DISTRICT COURT       Civil Action No.:
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------------------------

VERA N. NGWA,

Plaintiff,

v.

CASTLE POINT MORTGAGE, INC., HEATHER
GEARIN, GMAC MORTGAGE, LLC and
ROYAL SETTLEMENT SERVICES, INC.,

Defendants.

-----------------------------------------------------------------------------------------------------------------

## COMPLAINT

-----------------------------------------------------------------------------------------------------------------

**DAVID M. HARRISON, ESQ.**
Attorney for the Plaintiff
VERA N. NGWA
Office & P.O. Address
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109

-----------------------------------------------------------------------------------------------------------------
PLEASE TAKE NOTICE:
[ ] Notice of Entry
that the within is a (certified) true copy of Order          duly entered in the office of the clerk of the within
named court on
[ ] Notice of Settlement

that an order          of which the within is a true copy
will be presented for settlement to the HON      one of the judges of the
within named Court, at
on         19    at      M.
    Dated,            Yours, etc.