UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VERA N. NGWA,

                              Plaintiff,

    -against-

CASTLE POINT MORTGAGE, INC., HEATHER
GEARIN, GMAC MORTGAGE, LLC and ROYAL
SETTLEMENT SERVICES, INC.,

                              Defendants.
------------------------------------------------------------------X

Docket No. 08CV0859
Date Filed: 1/24/08

**DECLARATION IN SUPPORT**

        **Keith D. Grace, Esq.**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that:

        1.    I am an associate in the law firm of Conway, Farrell, Curtin & Kelly, P.C., counsel for Defendants Castle Point Mortgage, Inc. ("Castle Point"), Heather Gearin ("Gearin") and Royal Settlement Services, Inc. ("Royal") and, as such, I am fully familiar with the facts and circumstances of this action and the proceedings herein. I make this declaration in support of the instant motion for an Order pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure dismissing all causes of action in the Amended Complaint, and for such other and further relief this Court may deem just and proper.

### INTRODUCTION

        2.    This case arises from plaintiff Vera N. Ngwa's failed attempt to get herself out of pre-existing mortgage and other debt by re-financing the mortgage on her million-dollar residence at 10 West 123rd Street, Bronx, New York (the "Premises"). Ngwa is allegedly the defendant in a separate foreclosure action by defendant GMAC Mortgage, LLC ("GMAC"), which currently holds a

mortgage on the Premises. On information and belief, Ngwa may also be a defendant in at least one other foreclosure action relating to the same Premises.

3. Ngwa commenced the above-captioned action seeking, *inter alia,* rescission of her most recent mortgage transaction pertaining to the Premises—a January 25, 2007 refinancing loan secured by a mortgage now held by GMAC. A copy of the original complaint (the "Complaint") is annexed hereto as **Exhibit A**. On or about April 30, 2008, at the Court's suggestion, plaintiff filed an amended complaint (the "Amended Complaint"), a copy of which is annexed hereto as **Exhibit B**.

4. Despite formally admitting that she received and signed documents containing all the necessary disclosures at the time of the loan closing on January 25, 2007, Ngwa is alleging violations of the Truth in Lending Act ("TILA") against the lender in an attempt to qualify for the remedy of rescission. Ngwa's TILA claim is based on a simple mis-interpretation of the disclosure requirements in TILA. In effect, Ngwa asserts that the TILA disclosures must be made on some date prior to the day of the closing, when in fact the case law makes clear that the disclosures need only be made before "consummation" of the transaction. Plaintiff does not assert that the disclosures were not made before consummation. Plaintiff's counsel added some "consummation" language into the Amended Complaint after being alerted to this defense in an initial conference before the Court, but plaintiff still does not and cannot allege that the disclosures were not made to her before the transaction was consummated, because she admits she received and signed all the pertinent documents at the closing. Plaintiff fails to allege a TILA claim upon which relief can be granted.

5. Plaintiff is also seeking damages for alleged violations of General Business Law §349 ("GBL 349")(the "Deceptive Practices Act"), and for alleged common law fraud. These claims fail to meet the particularity requirements of Rule 9(b) even though the Court has given plaintiff an

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

opportunity to amend, and they are also patently insufficient to state causes of action upon which relief can be granted, and should therefore be dismissed pursuant to Rule 12(b)(6).

6. To put the case in context, it must be pointed out that the Amended Complaint is plaintiff's attempt to avoid foreclosure by blaming other parties for her long-standing credit problems. According to the Amended Complaint, Ms. Ngwa had already defaulted and the property was already in foreclosure when she first came into contact with the defendants (Exh. B ¶ 23).

7. She contends that she was "cold called" and then pressured into re-financing her mortgage, when in fact the evidence, including a handwritten letter by Ms. Ngwa, would prove that it was plaintiff who actively sought out and lobbied the defendants to enter into this transaction with her. Contrary to the carefully orchestrated tone of the Amended Complaint, Ms. Ngwa is not a low income, unsophisticated victim of fraud, but rather a business owner with a piece of real estate worth more than $1 Million.

8. Now that Ms. Ngwa has defaulted and is faced with foreclosure, she seeks to wipe out the mortgage she granted, and to completely avoid taking any responsibility for her own actions. Ms. Ngwa, however, has failed to state claims upon which relief can be granted, and has now twice failed to plead any cognizable claim. The instant motion is directed at plaintiff's defective pleading.

### THE COMPLAINT

9. In the instant action, Ngwa alleges Castle Point is her mortgage lender, and that Gearin acted as her "loan officer" with Castle Point. Ngwa asserts that Royal served as her title company in the transaction, and that the principals of Castle Point are majority owners of Royal.

10. Plaintiff alleges generally that Castle Point and Gearin "knowingly engaged in conduct which completely violated the applicable disclosure requirements mandated by [TILA]," "engaged in conduct which was knowingly fraudulent and deceptive, in connection with the origination and

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

3

processing of the subject loan," and received a $46,000 loan origination fee that was "drastically disproportionate in relation to the services provided...," violating NYS Banking Law §589. (Exh. B ¶ 16) Plaintiff also generally alleges that Royal violated the Real Estate Settlement Procedures Act ("RESPA") by acting as a "closing or settlement agent" and distributing loan proceeds and escrowing loan funds without legal authority to do so. *Id.* Plaintiff claims this also violated §§484 and 495 of the Judiciary Law, which requires such actions to be taken by an attorney "as well as a party independent of the 'lender' to the loan." *Id.* Finally, plaintiff alleges that defendants conduct constituted violations of the NYS Deceptive Practices Acts and Practices Statute – General Business Law §349, and fraud. *Id.*

11.     More specifically, plaintiff alleges that defendant Gearin, on behalf of Castle Point "cold called" her in December 2006 and talked her into refinancing an existing $910,000 mortgage held by Option One Mortgage Corporation, which then had a balance of $986,779.27 and was already in foreclosure. (Exh. B ¶ 23) She contends that the monthly payment on the Option One mortgage was $6,035, and that the loan had an initial interest rate of 6.800%, and an adjustable rate between 6.800% and 9.800% which was in effect at the time of the alleged initial solicitation by Gearin. (Exh. B ¶ 24)

12.     Plaintiff contends further that Gearin made the following representations during the initial conversation:

    a. that she [Ngwa] could obtain a refinance mortgage loan from defendant Castle Point, for "just over one million dollars" which would consist of a loan with a "lower rate of interest" than that which existed on plaintiff's current mortgage; with resultant "lower" monthly mortgage payments than what was imposed by plaintiff's current mortgage; (Exh. B ¶ 26)

    b. that plaintiff's current income qualified her for a refinance loan, to be issued by defendant Castle Point, with resultant payment terms which were more favorable than what was imposed by her current mortgage; (Exh. B ¶ 27)

CONWAY, FARRELL, CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

    c. that the proposed refinance loan would result in satisfaction of plaintiff's existent mortgage balance; (Exh. B ¶ 28)

    d. that the proposed refinance loan would result in "significant cash out" for plaintiff's "benefit"; (Exh. B ¶ 28) and

    e. that the proposed refinance loan was "the only way" that plaintiff would be able to "save her home"; (Exh. B ¶ 29)

Ngwa contends that she "decided to pursue a refinancing of her existent mortgage with defendant Castle Point" based upon these alleged representations. (Am Cplt. ¶ 30)

    13. Plaintiff alleges she provided Castle Point with her income information (W2 and "tax return related documents")(Exh. B ¶¶ 31-32), and then, on December 29, 2006, received an "initial disclosure," which stated that the principal balance of the loan would be $1,135,000 with an adjustable interest rate, but which did not disclose the APR, Finance Charge, Amount Financed, Total of Payments or Total Number of Payments. (Exh. B ¶¶ 35-39) She alleges further that "said 'initial disclosure' did not contain a 'Truth in Lending Statement', as mandated by the Truth in Lending Act." (Exh. B ¶ 40)

    14. Plaintiff alleges that "[s]hortly following [her] receipt of [the] "initial disclosure," Gearin called her and made the following additional representations:

    a. that the subject refinance loan was a "good deal" with terms as favorable as plaintiff could get;

    b. that the subject refinance loan was the "only way" in which plaintiff could "save" her home;

    c. that the subject refinance loan would result in monthly payments which plaintiff could "easily" afford; and

    d. that if plaintiff remained current on said loan for one year, she would "qualify" for a refinance loan with even more favorable monthly loan payments terms.

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

(Exh. B ¶¶ 42-43) She also contends that Gearin advised her that it was not necessary for her to be represented by an attorney in connection with the closing (Exh. B ¶ 48), and that no one attempted to explain the initial disclosure documents to her. (Exh. B ¶ 42)

15.  Plaintiff alleges that, "[a]t no time prior to the <u>date of</u> 'closing' and/or consummation of the subject transaction (January 25, 2007) was the plaintiff ever presented with any Truth In Lending Statement and/or Truth In Lending information, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1638; Regulation Z § 226.17; Regulation Z § 226.18 and Regulation Z § 226.19." (Exh. B ¶¶ 49-50) Plaintiff, however, admits by allegation that she was presented with the following "at the time of 'closing' of the subject mortgage loan":

  i. MORTGAGE with attached ADJUSTIBLE RATE RIDER

  ii. ADJUSTIBLE RATE NOTE (the "Note")

  iii. SETTLEMENT STATEMENT (aka "HUD Statement")

  iv. FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT ("TILA Statement")

  v. UNIFORM RESIDENTIAL LOAN APPLICATION ("URLA")

(Exh. B ¶ 53)

16.  Plaintiff acknowledges that the MORTGAGE evidenced a balance of $1,165,000 (Exh. B ¶ 55) and the Note included a yearly rate of $11.875% that by its terms was subject to change based on the LIBOR index, but would remain between 6.5% and 17.875%, and would never go up by more than 2.00% on any change date. The rate was calculated by adding 6.5% to the current index. The Note also set forth the initial monthly payments as $11,871.36 and stated that this amount "may change." (Exh. B ¶¶ 57-65) The ADJUSTIBLE RATE RIDER contained consistent disclosures. (Exh. B ¶¶ 66-70)

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

17. Plaintiff acknowledges that the TILA Statement disclosed, *inter alia*, the APR, Finance Charge, Amount Financed, Total of Payments or Total Number of Payments. (Exh. B ¶¶ 71-77) She points out that the principal balance in the "initial disclosures" described above was different from the principal balance listed in the disclosures made at the closing. (Exh. B ¶¶ 104-106)

18. Plaintiff acknowledges that the HUD Statement contained a series of additional disclosures including, *inter alia*, the settlement charges (Exh. B ¶¶ 78-85), and that the URLA "provided to plaintiff Vera N. Ngwa on the date of closing, reflected that plaintiff earned a monthly 'Base Employment Income' of $30,000.00." (Exh. B. ¶ 92)

19. Plaintiff alleges that she never represented to any of the defendants that her base monthly employment income was $30,000, that "said income figure was entirely contrary to the income information previously provided to defendants…," and that defendants "wrongfully and fraudulently inflated plaintiff's income as a means to justify their qualification of plaintiff for the subject mortgage refinance loan… ." (Exh. B ¶¶ 97-98)

20. However, plaintiff also acknowledges by allegation that, "Documents exchanged upon plaintiff at the 'closing['] of the subject loan transaction evidenced the monthly mortgage payments as approximating $11,900.00 per month, almost double that from the monthly payment obligation imposed by the prior mortgage and note held by Option One Mortgage Corporation." (Exh. B ¶ 101) She alleges that this "even exceeded the average monthly income derived by plaintiff at that time… ." (Exh. B ¶ 102)

### The Causes of Action

21. Ngwa asserts the following purported causes of action:

   a. <u>First Cause of Action</u> - Rescission and other equitable remedies pursuant to the federal Truth in Lending Act ("TILA")(15 U.S.C. §1640 and Reg. Z §§226.17, 226.18 and

CONWAY, FARRELL, CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

226.19) – failure to provide TILA disclosures prior to "date of 'closing' and/or consummation";

b. <u>Second Cause of Action</u> - Money damages to be proven and statutory damages of up to $2,000 per violation pursuant to TILA;

c. <u>Third Cause of Action</u> – Money damages pursuant to the New York General Business Law §349(h) (Deceptive Practices Act) – alleged misrepresentations by defendants as to plaintiff's income status, concealment of material terms and misrepresentations that the subject loan would lead to a more favorable loan;

d. <u>Fourth Cause of Action</u> - Rescission and other equitable remedies pursuant to Deceptive Practices Act §349(h);

e. <u>Fifth Cause of Action</u> - Money damages pursuant to New York State Banking Law §589 – excessive loan origination fee;

f. <u>Sixth Cause of Action</u> - Money damages in the amount of $1 million compensatory and $10 million punitive for fraud and conspiracy to commit fraud – alleged misrepresentations to plaintiff about the subject loan and future re-financing opportunities;

g. <u>Seventh Cause of Action</u> - Rescission and other equitable remedies for unconscionability;

h. <u>Eighth Cause of Action</u> – Negligence/failure to verify plaintiff's income.

i. <u>Ninth Cause of Action</u> - Money and statutory damages pursuant to Real Estate Settlement Procedures Act ("RESPA")(12 U.S.C. §2601 et seq.) – Castle Point and Royal allowing Royal to act as settlement or closing agent when allegedly not legally empowered to do so.

j. <u>Tenth Cause of Action</u> - Money and statutory damages pursuant to New York State Judiciary Law §§484 and 495 - Castle Point and Royal allowing Royal to act as settlement or closing agent and allegedly obtaining excessive or unreasonable fees.

## ARGUMENTS SUPPORTING DISMISSAL

22. The following causes of action in plaintiff's Amended Complaint are facially deficient and should be dismissed:

## 1ST AND 2ND CAUSES OF ACTION SHOULD BE DISMISSED

## PLAINTIFF FAILS TO STATE A CLAIM UNDER TILA

23. Plaintiff's first and second purported causes of action assert that the defendants violated the disclosure requirements of TILA, specifically those contained in Reg. Z §§226.17, 226.18 and 226.19.

24. Plaintiff alleges that, "At no time <u>prior to the date of</u> 'closing' and/or consummation of the subject transaction (January 25, 2007) was the plaintiff ever presented with any Truth In Lending Statement and/or Truth In Lending information, as mandated by the Truth In Lending Act, including 15 U.S.C. § 1638; Regulation Z § 226.17; Regulation Z § 226.18 and Regulation Z § 226.19." (Exh. B ¶¶ 49-50, 108)(emphasis supplied)

25. Plaintiff, however, admits by allegation in her Amended Complaint that she <u>was provided</u> with the Mortgage, Adjustable Rate Note, Adjustable Rate Rider, HUD Statement, TILA Statement and URLA "<u>at the time of 'closing' of the subject mortgage loan</u>." (Exh. B ¶ 53)(emphasis supplied)  These documents, which are incorporated by reference in the Amended Complaint and therefore properly considered on this motion, are attached hereto as **Exhibits C – H**. The documents contain all of the disclosures required by Regulation Z §§ 226.17, 226.18 and 226.19 that are applicable to the instant transaction.

26. As set forth more fully in the Memorandum of Law, the allegations of the Amended Complaint, taken as true, establish that all the required disclosures were made to plaintiff prior to the consummation of the transaction, and within the timeframes provided for in Regulation Z. The Amended Complaint therefore fails to make out a cause of action for the violation of the disclosure requirements of TILA.

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

## 6TH CAUSE OF ACTION SHOULD BE DISMISSED

## THE FRAUD CLAIM IS NOT PLED WITH THE REQUISITE PARTICULARITY

## AND FAILS TO STATE A CAUSE OF ACTION AS A MATTER OF LAW

27. Ngwa's purported Sixth Cause of Action asserts conclusory, non-specific allegations, none of which could ever support a fraud claim. Plaintiff alleges that defendants Castle Point, Gearin and Royal committed fraud as follows:

> a. Defendants Castle Point and/or Gearin misrepresented to plaintiff, prior to the date of 'closing' of the subject loan transaction, that plaintiff's income status would enable her to afford the subject refinance loan; and thereby enable to plaintiff to 'save' her home (with defendants knowing that plaintiff had already been in foreclosure at that time on her pending mortgage) (Exh. B ¶ 157);

> b. Defendants Castle Point and/or Gearin also knowingly failed and/or refused to provide plaintiff with accurate information concerning the material terms of the subject loan prior to the date of 'closing' of said transaction, including the loan's: (i) "Annual Percentage Rate"; (ii) "Finance Charge"; (iii) "Amount Financed"; (iv) "Total of Payments"; and (v) "Number of Payments"; as well as the principal balance and/or amount of the loan. (Exh. B ¶¶ 159-160);

> c. Defendants Castle Point and/or Gearin knowingly intended to further entice plaintiff to proceed with the subject loan, prior to the date of "closing", by verbally informing plaintiff, on multiple occasions, that she could thereafter qualify for an additional refinancing with even more favorable terms, by remaining current on the subject refinance loan for a period of approximately one year. (Exh. B ¶ 161);

> d. Defendants Castle Point and/or Gearin knowingly concealed the monthly payment obligations on the subject loan at all times prior to the date of the "closing" of the subject transaction, while verbally advising plaintiff that her income status "qualified" her for the subject loan, which in turn, would enable plaintiff to "save" her home. (Exh. B ¶ 162);

> e. Defendants Castle Point and/or Gearin also knowingly misrepresented to plaintiff, at all times prior to the date of the "closing" of the subject transaction, that plaintiff would be receiving "significant cash out" to her "benefit" as a result of the proceeds received from the refinance loan. Defendants made this representation while concealing the amount of the monthly payments which plaintiff would be required to make on the resultant mortgage. Defendants knowingly failed to reveal to plaintiff that the resultant mortgage would result in

monthly payments which would be more than double what plaintiff had been paying previously, thereby negating any cash proceeds which plaintiff would receive from the subject loan transaction. (Exh. B ¶ 163);

f. Defendants Castle Point and/or Gearin also knowingly misrepresented to plaintiff, at all times prior to the date of the "closing" of the subject transaction, that the subject loan terms were the most favorable terms which plaintiff could receive at that time, given her then existent credit and asset status. (Exh. B ¶ 164);

g. Defendants Castle Point and/or Gearin also misrepresented to plaintiff that it was not necessary for her to retain an attorney to represent her in connection with the "closing" of the subject transaction;

h. Defendants Castle Point, Gearin and/or Royal knowingly acted improperly, deceptively and fraudulently, in producing a representative to meet with plaintiff at her home, in connection with said "closing", whose sole purpose was to notarize documents executed and signed by the plaintiff; and who possessed no knowledge or information as to the contents of the documents contained therein. (Exh. B ¶ 166);

i. Defendants Castle Point and Gearin knew that the amount of moneys assessed for the "loan origination fee", in the amount of $46,000.00; and all "settlement charges" enumerated within the HUD Statement, were excessive; and that the subject loan ultimately failed to provide plaintiff with any "net tangible benefit". As such, defendants completely misrepresented to the plaintiff that the subject mortgage loan was beneficial to her…. (Exh. B ¶ 167);

28.   As set forth more fully in the accompanying Memorandum of Law, these allegations fail to meet the particularity requirements of Rule 9(b), and otherwise fail to plead facts sufficient to state a claim upon which relief can be granted, and must be dismissed pursuant to Rule 12(b)(6).

29.   Moreover, Plaintiff's fraud allegations are belied by the documents incorporated by reference in the Amended Complaint which show that plaintiff did receive and sign documents disclosing all the information she claims she never got.

Conway, Farrell, Curtin & Kelly, PC
48 Wall Street
20th Floor
New York, NY 10005

### 3ʳᴅ AND 4ᵀᴴ CAUSES OF ACTION SHOULD BE DISMISSED

### THE DECEPTIVE PRACTICES CLAIM FAILS TO STATE A CAUSE OF ACTION AS A MATTER OF LAW

30.     Plaintiff's allegations in support of her Deceptive Practices Act claim are equally deficient to the fraud allegations.  Many of the same allegations made in plaintiff's fraud claim are simply repeated in the deceptive practices claim and, as set forth more fully in the accompanying Memorandum of Law, many are in the nature of baseless, non-actionable breach of fiduciary duty allegations, and none supports a claim under the Deceptive Practices Act.

### 5ᵀᴴ CAUSE OF ACTION SHOULD BE DISMISSED

### PLAINTIFF FAILS TO STATE A CAUSE OF ACTION PURSUANT TO

### NEW YORK STATE BANKING LAW SECTION 589

31.     Plaintiff alleges that the defendants violated New York State Banking Law § 589 by receiving a loan origination fee that was "excessive and to plaintiff's detriment" (Dec. Dec. Exh. B, ¶ 149) as well as "drastically disproportionate to the services time and/or degree of expertise rendered by defendants Castle Point and/or Gearin." (Dec. Exh. B, ¶ 151)  Section 589, entitled "Declaration of policy" contains just that, a general declaration of policy.  The section does not contain any specific requirements or prohibitions, and does not mention excessive fees.  As set forth more fully in the accompanying Memorandum of Law, plaintiff fails to state a claim upon which relief can be granted.

### 7ᵀᴴ CAUSE OF ACTION SHOULD BE DISMISSED

### PLAINTIFF FAILS TO STATE A CLAIM OF UNCONSCIONABILITY

32.     Plaintiff alleges that "[t]he fraudulent misrepresentations and material concealment of facts made by defendants Castle Point, Gearin and/or Royal, in connection with the processing and closing of the subject loan, as well as the disclosure of its terms, constituted inequitable and

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20ᵀᴴ FLOOR
NEW YORK, NY 10005

unconscionable conduct, by which plaintiff has been victimized." (Dec. Exh. B, ¶ 178) Based on this allegation, plaintiff asserts the right to rescission.

33. This allegation is so vague and general that it fails to meet even general "notice pleading" standards. It is not clear what, if any, legal theory is indented to be invoked, and the allegations fail to make out a cause of action under any cognizable legal theory. As a best guess, it appears that plaintiff purports to make a claim that the refinance transaction as a whole was an unconscionable contract of adhesion, although this is not what is pled.

34. As set forth more fully in the Memorandum of Law, even if the Court, in its discretion, decides to view this as an unconscionability claim, plaintiff woefully fails to plead such a claim upon which relief can be granted.

### 8TH CAUSE OF ACTION SHOULD BE DISMISSED

### PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE

35. Plaintiff alleges "[t]hat as a result of defendant Castle Point's failure to take measures to verify plaintiff's employment income or status, defendant Castle Point was negligent in the underwriting of the subject consumer credit transaction, ass well as the subsequent approval of plaintiff's subject loan application, as plaintiff's actual income at the time was entirely insufficient to allow her to qualify for the subject financing." (Dec. Exh. B, ¶ 186) Plaintiff seeks money damages based on this assertion of negligence.

36. This allegation is so vague and general that it also fails to meet even general "notice pleading" standards. Plaintiff does not even allege any of the elements of common law negligence, i.e. that any defendant had a duty to verify her income, that such duty was breached, that such breach caused her loss, or whether or how she suffered supposedly suffered damages as a result.

CONWAY, FARRELL, CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

37.     As set forth more fully in the Memorandum of Law, the primary defect in this cause of action is plaintiff's failure to allege that a duty existed, or any facts which would support the existence of such a duty. Moreover, plaintiff's allegations as set forth in the Amended Complaint could never state a claim for negligence based on failure to verify her income, because she admits that she received the documents that she claims misstated her income at closing, and she does not deny she signed them. Plaintiff could never establish that any damages were <u>caused</u> by a defendant's failure to verify her income when she herself verified the income on which the loan was based by signing the documents. The Eighth Cause of Action should therefore be dismissed.

### 9TH CAUSE OF ACTION SHOULD BE DISMISSED

### PLAINTIFF FAILS TO STATE A CLAIM UNDER RESPA

38.     Plaintiff alleges that "[b]y acting as "closing and/or settlement agent" on the subject loan, defendant Royal was enabled to obtain fees for services actually rendered on the subject loan, which defendants Castle Point and/or Royal knew were not reasonable or bonafide, and which were in violation of the Real Estate Settlement Procedures Act, as set froth by 12 U.S.C. § 2601." (Dec. Exh. B., ¶ 192) Plaintiff does not allege which fees she contends "were not reasonable or bonafide," nor does she give any indication which provision of RESPA she contends was violated. As such, this vague allegation does not even provide the defendants with notice of the claim, and the Ninth Cause of Action should therefore be dismissed.

### 10TH CAUSE OF ACTION SHOULD BE DISMISSED

### PLAINTIFF FAILS TO STATE A CLAIM FOR UNAUTHORIZED PRACTICE OF LAW

39.     Plaintiff alleges that defendants Castle Point and Royal violated New York State Judiciary Law §§ 484 and 495 by allowing Royal to act as settlement agent and/or closing agent "in that said services are required to be performed by an independent attorney, pursuant to the New York

State Judiciary Law, as set forth by Sections 484 and 495 of said statute." As set forth more fully in the accompanying Memorandum of Law, nothing in either of these provisions addresses the issue of a non-attorney acting as settlement or closing agent in a mortgage transaction. Moreover, plaintiff does not allege that Royal violated either of these provisions by practicing law, holding itself out as an attorney or appearing to represent any person as an attorney. Plaintiff therefore fails to state a claim under the Judiciary Law, and her Tenth Cause of Action should be dismissed.

40.   No previous application for the within requested relief has been made.

**WHEREFORE**, defendants Castle Point Mortgage, Inc., Heather Gearin and Royal Settlement Services, Inc. request that an Order be made in this action dismissing the Amended Complaint against them in its entirety, and for such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       May 30, 2008

_____
Keith D. Grace, Esq. (KG6230)
**CONWAY, FARRELL, CURTIN & KELLY, P.C.**
Attorneys for Defendants
*Castle Point Mortgage, Inc., Heather Gearin*
and *Royal Settlement Services, Inc.*
48 Wall Street – 20th Floor
New York, N.Y. 10005
(212) 785-2929

## CERTIFICATE OF SERVICE

I, KEITH D. GRACE, hereby certify that on this 30th day of May, 2008, the foregoing **Notice of Motion** and **Declaration in Support** were served via e-filing upon the following:

David M. Harrison, Esq.  
*Attorney for Plaintiff*  
48 Willoughby Street  
Brooklyn, New York  11201  
(718) 243-2109

Stan Goldberg, Esq.  
Platzer Swergold Karlin Levine Goldberg & Jaslow, LLP  
*Attorney for Defendant, GMAC*  
1065 Avenue of the Americas  
New York, NY 10018  
(212) 593-3000