UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VERA N. NGWA,

                           Plaintiff,

        -against-

CASTLE POINT MORTGAGE, INC., HEATHER
GEARIN, GMAC MORTGAGE, LLC and ROYAL
SETTLEMENT SERVICES, INC.,

                         Defendants.
-------------------------------------------------------------------X

Docket No. 08CV0859
Date Filed: 1/24/08

**ANSWER WITH AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS**

Defendants Castle Point Mortgage, Inc. ("Castle Point"), Heather Gearin ("Gearin") and Royal Settlement Services, Inc. ("Royal") (collectively, "Defendants"), as and for their Answer to plaintiff's Amended Complaint, respond as follows:

### PRELIMINARY STATEMENT

1.      Defendants deny any knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

### JURISDICTION

2.      Defendants deny the allegations contained in paragraph "2" of the Amended Complaint and refer all questions of law to the Court.

3.      Defendants deny the allegations contained in paragraph "3" of the Amended Complaint and refer all questions of law to the Court.

### PARTIES

4.      Defendants deny any knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

5.      Defendants deny the allegations contained in paragraph "5" of the Amended

Complaint except admit that defendant Castle Point Mortgage, Inc. is a foreign corporation subject to the jurisdiction of this Court for purposes of the instant action.

6.    Defendants deny the allegations contained in paragraph "6" of the Amended Complaint and refer all questions of law to the Court.

7.    Defendants admit the allegations contained in paragraph "7" of the Amended Complaint.

8.    Defendants deny any knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint.

9.    Defendants deny any knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Amended Complaint.

10.    Defendants deny the allegations contained in paragraph "10" of the Amended Complaint except admit that defendant Royal Settlement Services, Inc. is a foreign corporation subject to the jurisdiction of this Court for purposes of the instant action.

11.    Defendants deny the allegations contained in paragraph "11" of the Amended Complaint except admit that defendant Royal Settlement Services, Inc. derives fees for performing title services in connection with the making of mortgage loans and acts in the capacity of a "settlement company" or "closer" in real estate transactions, and refer all questions of law to the Court.

12.    Defendants deny the allegations contained in paragraph "12" of the Amended Complaint except admit that the principals of defendant Castle Point were the majority owners of defendant Castle Point at all times mentioned in the Amended Complaint.

13.    Defendants admit the allegations contained in paragraph "13" of the Amended Complaint.

14.     Defendants deny the allegations contained in paragraph "14" of the Amended Complaint except admit that defendant Gearin was one of the loan officers at Castle Point who worked with plaintiff on the subject transaction, and was the loan officer at the time of consummation.

15.     Defendants admit the allegations contained in paragraph "15" of the Amended Complaint.

16.     Defendants deny the allegations contained in paragraph "16" of the Amended Complaint.

### STATUTORY AND REGULATORY FRAMEWORK

17.     Defendants deny the allegations contained in paragraph "17" of the Amended Complaint and refer all questions of law to the Court.

18.     Defendants deny the allegations contained in paragraph "18" of the Amended Complaint and refer all questions of law to the Court.

19.     Defendants deny the allegations contained in paragraph "19" of the Amended Complaint and refer all questions of law to the Court.

20.     Defendants deny the allegations contained in paragraph "20" of the Amended Complaint and refer all questions of law to the Court.

21.     Defendants deny the allegations contained in paragraph "21" of the Amended Complaint and refer all questions of law to the Court.

22.     Defendants deny the allegations contained in paragraph "22" of the Amended Complaint and refer all questions of law to the Court.

### STATEMENT OF FACTS

23.     Defendants deny the allegation that "plaintiff Vera N. Ngwa was 'cold called' and

solicited (by telephone) by defendant Gearin, on behalf of defendant Castle Point," and deny any knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "23" of the Amended Complaint.

24.    Defendants deny any knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Amended Complaint.

25.    Defendants deny any knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint.

26.    Defendants deny the allegations contained in paragraph "26" of the Amended Complaint.

27.    Defendants deny the allegations contained in paragraph "27" of the Amended Complaint.

28.    Defendants deny the allegations contained in paragraph "28" of the Amended Complaint except admit that plaintiff solicited a loan from Castle Point which would satisfy her existing mortgage and allow plaintiff to take "significant cash out," and that defendant Gearin responded in the affirmative when plaintiff asked if the subject transaction could achieve plaintiff's requirements.

29.    Defendants deny the allegations contained in paragraph "29" of the Amended Complaint.

30.    Defendants deny the allegations contained in paragraph "30" of the Amended Complaint.

31.    Defendants deny the allegations contained in paragraph "31" of the Amended Complaint.

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

32.    Defendants deny the allegations contained in paragraph "32" of the Amended Complaint.

33.    Defendants deny the allegations contained in paragraph "33" of the Amended Complaint except admit that initial disclosures were transmitted to plaintiff on or about December 29, 2006 and refer to the documents for their terms.

34.    Defendants deny the allegations contained in paragraph "34" of the Amended Complaint except admit that initial disclosures were transmitted to plaintiff on or about December 29, 2006 and refer to the documents for their terms.

35.    Defendants deny the allegations contained in paragraph "35" of the Amended Complaint and refer to the documents for their terms.

36.    Defendants deny the allegations contained in paragraph "36" of the Amended Complaint and refer to the referenced documents for their terms.

37.    Defendants deny the allegations contained in paragraph "37" of the Amended Complaint and refer to the referenced documents for their terms.

38.    Defendants deny the allegations contained in paragraph "38" of the Amended Complaint and refer to the referenced documents for their terms.

39.    Defendants deny the allegations contained in paragraph "39" of the Amended Complaint and refer to the referenced documents for their terms.

40.    Defendants deny the allegations contained in paragraph "40" of the Amended Complaint and refer all questions of law to the Court.

41.    Defendants deny the allegations contained in paragraph "41" of the Amended Complaint.

42.    Defendants deny the allegations contained in paragraph "42" of the Amended

Complaint except admit that defendant Gearin spoke to plaintiff by telephone shortly following plaintiff's receipt of the "initial disclosures" and answered all of plaintiff's questions pertaining thereto.

43.      Defendants deny the allegations contained in paragraph "43" of the Amended Complaint.

44.      Defendants deny the allegations contained in paragraph "44" of the Amended Complaint.

45.      Defendants deny the allegations contained in paragraph "45" of the Amended Complaint.

46.      Defendants admit the allegations contained in paragraph "46" of the Amended Complaint.

47.      Defendants admit the allegations contained in paragraph "47" of the Amended Complaint.

48.      Defendants deny the allegations contained in paragraph "48" of the Amended Complaint.

49.      Defendants deny the allegations contained in paragraph "49" of the Amended Complaint and refer all questions of law to the Court.

50.      Defendants deny the allegations contained in paragraph "50" of the Amended Complaint and refer all questions of law to the Court.

51.      Defendants deny the allegations contained in paragraph "51" of the Amended Complaint except admit that the closing occurred on January 25, 2007 at plaintiff's residence with an outside representative of Royal Settlement Services.

52.     Defendants deny any knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Amended Complaint.

53.     Defendants deny the allegations contained in paragraph "53" of the Amended Complaint except admit that said documents were among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

54.     Defendants deny the allegations contained in paragraph "54" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

55.     Defendants deny the allegations contained in paragraph "55" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

56.     Defendants deny the allegations contained in paragraph "56" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

57.     Defendants deny the allegations contained in paragraph "57" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

58.     Defendants deny the allegations contained in paragraph "58" of the Amended

Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

59.    Defendants deny the allegations contained in paragraph "59" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

60.    Defendants deny the allegations contained in paragraph "60" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

61.    Defendants deny the allegations contained in paragraph "61" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

62.    Defendants deny the allegations contained in paragraph "62" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

63.    Defendants deny the allegations contained in paragraph "63" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

64.     Defendants deny the allegations contained in paragraph "64" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

65.     Defendants deny the allegations contained in paragraph "65" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

66.     Defendants deny the allegations contained in paragraph "66" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

67.     Defendants deny the allegations contained in paragraph "67" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

68.     Defendants deny the allegations contained in paragraph "68" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

69.     Defendants deny the allegations contained in paragraph "69" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to

the documents for their terms.

70.    Defendants deny the allegations contained in paragraph "70" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

71.    Defendants deny the allegations contained in paragraph "71" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

72.    Defendants deny the allegations contained in paragraph "72" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

73.    Defendants deny the allegations contained in paragraph "73" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

74.    Defendants deny the allegations contained in paragraph "74" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

75.    Defendants deny the allegations contained in paragraph "75" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in

connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

76.    Defendants deny the allegations contained in paragraph "76" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

77.    Defendants deny the allegations contained in paragraph "77" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

78.    Defendants deny the allegations contained in paragraph "78" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

79.    Defendants deny the allegations contained in paragraph "79" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

80.    Defendants deny the allegations contained in paragraph "80" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

81.    Defendants deny the allegations contained in paragraph "81" of the Amended

Complaint except admit that documents were provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

82.    Defendants deny the allegations contained in paragraph "82" of the Amended Complaint except admit that documents were provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

83.    Defendants deny the allegations contained in paragraph "83" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

84.    Defendants deny the allegations contained in paragraph "84" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

85.    Defendants deny the allegations contained in paragraph "85" of the Amended Complaint except admit that said document was among the documents provided to plaintiff in connection with the mortgage refinance transaction between plaintiff and Castle Point, and refer to the documents for their terms.

86.    Defendants deny the allegations contained in paragraph "86" of the Amended Complaint and refer all questions of law to the Court.

87.    Defendants deny the allegations contained in paragraph "87" of the Amended Complaint except admit that Royal was paid a $375.00 fee for its services in connection with the mortgage refinance transaction between plaintiff and Castle Point, and that no attorney employed on behalf of Royal was "assigned to the subject transaction."

88.     Defendants deny the allegations contained in paragraph "88" of the Amended Complaint except admit that Royal was paid a $375.00 fee for its services in connection with the mortgage refinance transaction between plaintiff and Castle Point.

89.     Defendants admit the allegations contained in paragraph "89" of the Amended Complaint.

90.     Defendants deny the allegations contained in paragraph "90" of the Amended Complaint except admit that defendant Gearin participated in the preparation of the referenced document, which was generated electronically.

91.     Defendants admit the allegations contained in paragraph "91" of the Amended Complaint.

92.     Defendants admit the allegations contained in paragraph "92" of the Amended Complaint.

93.     Defendants admit the allegations contained in paragraph "93" of the Amended Complaint.

94.     Defendants deny the allegations contained in paragraph "94" of the Amended Complaint.

95.     Defendants deny the allegations contained in paragraph "95" of the Amended Complaint except with regard to the allegation that "plaintiff was earning significantly less at that time," deny any knowledge and information sufficient to form a belief as to the truth of such allegation.

96.     Defendants deny the allegations contained in paragraph "96" of the Amended Complaint except with regard to the allegation that "plaintiff has never earned such a monthly amount," deny any knowledge and information sufficient to form a belief as to such allegation.

97.    Defendants deny the allegations contained in paragraph "97" of the Amended Complaint.

98.    Defendants deny the allegations contained in paragraph "98" of the Amended Complaint.

99.    Defendants deny the allegations contained in paragraph "99" of the Amended Complaint.

100.    Defendants deny the allegations contained in paragraph "100" of the Amended Complaint.

101.    Defendants deny any knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "101" of the Amended Complaint, except admit that "[d]ocuments exchanged upon plaintiff at the 'closing['] of the subject loan transaction evidenced the monthly mortgage payments as approximating $11,900.00 per month."

102.    Defendants deny the allegations contained in paragraph "102" of the Amended Complaint except with regard to the allegation that "[t]he monthly payment obligation imposed by the subject refinance loan consisted of an amount which exceeded the average monthly income derived by plaintiff at that time," deny any knowledge and information sufficient to form a belief as to such allegation.

103.    Defendants deny the allegations contained in paragraph "103" of the Amended Complaint.

104.    Defendants deny the allegations contained in paragraph "104" of the Amended Complaint.

105.    Defendants deny the allegations contained in paragraph "105" of the Amended Complaint except admit that initial disclosures were transmitted to plaintiff on or about December 29,

2006 and refer to the documents for their terms.

106. Defendants deny the allegations contained in paragraph "106" of the Amended Complaint and refer all questions of law to the Court.

### AS TO THE FIRST CAUSE OF ACTION

107. Defendants deny the allegations contained in paragraph "107" of the Amended Complaint and refer all questions of law to the Court.

108. Defendants deny the allegations contained in paragraph "108" of the Amended Complaint and refer all questions of law to the Court.

109. Defendants deny the allegations contained in paragraph "109" of the Amended Complaint and refer all questions of law to the Court.

110. Defendants deny the allegations contained in paragraph "110" of the Amended Complaint and refer all questions of law to the Court.

111. Defendants deny the allegations contained in paragraph "111" of the Amended Complaint and refer all questions of law to the Court.

112. Defendants deny the allegations contained in paragraph "112" of the Amended Complaint and refer all questions of law to the Court.

113. Defendants deny the allegations contained in paragraph "113" of the Amended Complaint and refer all questions of law to the Court.

114. Defendants deny the allegations contained in paragraph "114" of the Amended Complaint and refer all questions of law to the Court.

115. Defendants deny the allegations contained in paragraph "115" of the Amended Complaint and refer all questions of law to the Court.

116. Defendants deny the allegations contained in paragraph "116" of the Amended

Complaint and refer all questions of law to the Court.

117.    Defendants deny the allegations contained in paragraph "117" of the Amended Complaint and refer all questions of law to the Court.

118.    Defendants deny the allegations contained in paragraph "118" of the Amended Complaint and refer all questions of law to the Court.

119.    Defendants deny the allegations contained in paragraph "119" of the Amended Complaint and refer all questions of law to the Court.

120.    Defendants deny the allegations contained in paragraph "120" of the Amended Complaint and refer all questions of law to the Court.

121.    Defendants deny the allegations contained in paragraph "121" of the Amended Complaint and refer all questions of law to the Court.

### AS TO THE SECOND CAUSE OF ACTION

122.    Defendants repeat, reiterate and reallege their responses to paragraphs "1" through "120" of the Amended Complaint as though fully set forth herein.

123.    Defendants deny the allegations contained in paragraph "123" of the Amended Complaint and refer all questions of law to the Court.

### AS TO THE THIRD CAUSE OF ACTION

124.    Defendants repeat, reiterate and reallege their responses to paragraphs "1" through "120" and "122"of the Amended Complaint as though fully set forth herein.

125.    Defendants deny the allegations contained in paragraph "125" of the Amended Complaint and refer all questions of law to the Court.

126.    Defendants deny the allegations contained in paragraph "126" of the Amended Complaint.

127.    Defendants deny the allegations contained in paragraph "127" of the Amended Complaint.

128.    Defendants deny the allegations contained in paragraph "128" of the Amended Complaint.

129.    Defendants deny the allegations contained in paragraph "129" of the Amended Complaint.

130.    Defendants deny the allegations contained in paragraph "130" of the Amended Complaint.

131.    Defendants deny the allegations contained in paragraph "131" of the Amended Complaint.

132.    Defendants deny the allegations contained in paragraph "132" of the Amended Complaint.

133.    Defendants deny the allegations contained in paragraph "133" of the Amended Complaint and refer all questions of law to the Court.

134.    Defendants deny the allegations contained in paragraph "134" of the Amended Complaint.

135.    Defendants deny the allegations contained in paragraph "135" of the Amended Complaint and refer all questions of law to the Court.

136.    Defendants deny the allegations contained in paragraph "136" of the Amended Complaint and refer all questions of law to the Court.

137.    Defendants deny the allegations contained in paragraph "137" of the Amended Complaint and refer all questions of law to the Court.

138.    Defendants deny the allegations contained in paragraph "138" of the Amended

Complaint and refer all questions of law to the Court.

139.    Defendants deny the allegations contained in paragraph "139" of the Amended Complaint and refer all questions of law to the Court.

140.    Defendants deny the allegations contained in paragraph "140" of the Amended Complaint.

141.    Defendants deny the allegations contained in paragraph "141" of the Amended Complaint and refer all questions of law to the Court.

142.    Defendants deny the allegations contained in paragraph "142" of the Amended Complaint and refer all questions of law to the Court.

143.    Defendants deny the allegations contained in paragraph "143" of the Amended Complaint and refer all questions of law to the Court.

144.    Defendants deny the allegations contained in paragraph "144" of the Amended Complaint and refer all questions of law to the Court.

## AS TO THE FOURTH CAUSE OF ACTION

145.    Defendants repeat, reiterate and reallege their responses to paragraphs "1" through "120," "122" and "124" through "143"of the Amended Complaint as though fully set forth herein.

146.    Defendants deny the allegations contained in paragraph "146" of the Amended Complaint and refer all questions of law to the Court.

## AS TO THE FIFTH CAUSE OF ACTION

147.    Defendants repeat, reiterate and reallege their responses to paragraphs "1" through "120," "122," "124" through "143," and "145" of the Amended Complaint as though fully set forth herein.

148.    Defendants deny the allegations contained in paragraph "148" of the Amended

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

Complaint.

149.    Defendants deny the allegations contained in paragraph "149" of the Amended Complaint.

150.    Defendants deny the allegations contained in paragraph "150" of the Amended Complaint.

151.    Defendants deny the allegations contained in paragraph "151" of the Amended Complaint and refer all questions of law to the Court.

152.    Defendants deny the allegations contained in paragraph "152" of the Amended Complaint and refer all questions of law to the Court.

153.    Defendants deny the allegations contained in paragraph "153" of the Amended Complaint.

154.    Defendants deny the allegations contained in paragraph "154" of the Amended Complaint and refer all questions of law to the Court.

### AS TO THE SIXTH CAUSE OF ACTION

155.    Defendants repeat, reiterate and reallege their responses to paragraphs "1" through "120," "122," "124" through "143," "145" and "147" through "153" of the Amended Complaint as though fully set forth herein.

156.    Defendants deny the allegations contained in paragraph "156" of the Amended Complaint.

157.    Defendants deny the allegations contained in paragraph "157" of the Amended Complaint.

158.    Defendants deny the allegations contained in paragraph "158" of the Amended Complaint.

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

19

159.    Defendants deny the allegations contained in paragraph "159" of the Amended Complaint.

160.    Defendants deny the allegations contained in paragraph "160" of the Amended Complaint.

161.    Defendants deny the allegations contained in paragraph "161" of the Amended Complaint.

162.    Defendants deny the allegations contained in paragraph "162" of the Amended Complaint.

163.    Defendants deny the allegations contained in paragraph "163" of the Amended Complaint.

164.    Defendants deny the allegations contained in paragraph "164" of the Amended Complaint.

165.    Defendants deny the allegations contained in paragraph "165" of the Amended Complaint.

166.    Defendants deny the allegations contained in paragraph "166" of the Amended Complaint and refer all questions of law to the Court.

167.    Defendants deny the allegations contained in paragraph "167" of the Amended Complaint.

168.    Defendants deny the allegations contained in paragraph "168" of the Amended Complaint.

169.    Defendants deny the allegations contained in paragraph "169" of the Amended Complaint.

170.    Defendants deny the allegations contained in paragraph "170" of the Amended

CONWAY, FARRELL,
CURTIN & KELLY, PC
48 WALL STREET
20TH FLOOR
NEW YORK, NY 10005

Complaint.

171.    Defendants deny the allegations contained in paragraph "171" of the Amended Complaint.

172.    Defendants deny the allegations contained in paragraph "172" of the Amended Complaint.

173.    Defendants deny the allegations contained in paragraph "173" of the Amended Complaint.

174.    Defendants deny the allegations contained in paragraph "174" of the Amended Complaint.

175.    Defendants deny the allegations contained in paragraph "175" of the Amended Complaint.

176.    Defendants deny the allegations contained in paragraph "176" of the Amended Complaint and refer all questions of law to the Court.

### AS TO THE SEVENTH CAUSE OF ACTION

177.    Defendants repeat, reiterate and reallege their responses to paragraphs "1" through "120," "122," "124" through "143," "145," "147" through "153" and "155" through "175" of the Amended Complaint as though fully set forth herein.

178.    Defendants deny the allegations contained in paragraph "178" of the Amended Complaint and refer all questions of law and equity to the Court.

179.    Defendants deny the allegations contained in paragraph "179" of the Amended Complaint and refer all questions of law and equity to the Court.

180.    Defendants deny the allegations contained in paragraph "180" of the Amended Complaint and refer all questions of law and equity to the Court.

## AS TO THE EIGHTH CAUSE OF ACTION

181.   Defendants repeat, reiterate and reallege their responses to paragraphs "1" through "120," "122," "124" through "143," "145," "147" through "153" and "155" through "175" and "177" through "179" of the Amended Complaint as though fully set forth herein.

182.   Defendants deny the allegations contained in paragraph "182" of the Amended Complaint.

183.   Defendants deny the allegations contained in paragraph "183" of the Amended Complaint.

184.   Defendants deny the allegations contained in paragraph "184" of the Amended Complaint.

185.   Defendants deny the allegations contained in paragraph "185" of the Amended Complaint.

186.   Defendants deny the allegations contained in paragraph "186" of the Amended Complaint and refer all questions of law to the Court.

187.   Defendants deny the allegations contained in paragraph "187" of the Amended Complaint and refer all questions of law to the Court.

## AS TO THE NINTH CAUSE OF ACTION

188.   Defendants repeat, reiterate and reallege their responses to paragraphs "1" through "120," "122," "124" through "143," "145," "147" through "153," "155" through "175," "177" through "179" and "181" through "186" of the Amended Complaint as though fully set forth herein.

189.   Defendants admit the allegations contained in paragraph "189" of the Amended Complaint.

190.   Defendants deny the allegations contained in paragraph "190" of the Amended

Complaint and refer all questions of law to the Court.

191.    Defendants deny the allegations contained in paragraph "191" of the Amended Complaint and refer all questions of law to the Court.

192.    Defendants deny the allegations contained in paragraph "192" of the Amended Complaint and refer all questions of law to the Court.

193.    Defendants deny the allegations contained in paragraph "193" of the Amended Complaint and refer all questions of law to the Court.

### AS TO THE TENTH CAUSE OF ACTION

194.    Defendants repeat, reiterate and reallege their responses to paragraphs "1" through "120," "122," "124" through "143," "145," "147" through "153," "155" through "175," "177" through "179," "181" through "186" and "188" through "192" of the Amended Complaint as though fully set forth herein.

195.    Defendants admit the allegations contained in paragraph "195" of the Amended Complaint.

196.    Defendants deny the allegations contained in paragraph "196" of the Amended Complaint except admit that Royal was paid a $375.00 fee for its services in connection with the mortgage refinance transaction between plaintiff and Castle Point, and that no attorney employed on behalf of Royal was "assigned to supervise the individual assigned to attend the 'closing' of the subject transaction."

197.    Defendants deny the allegations contained in paragraph "197" of the Amended Complaint except admit that it received a fee of $375.00 as set forth on the HUD Statement.

198.    Defendants admit the allegations contained in paragraph "198" of the Amended Complaint.

199.    Defendants deny the allegations contained in paragraph "199" of the Amended Complaint and refer all questions of law to the Court.

200.    Defendants deny the allegations contained in paragraph "200" of the Amended Complaint and refer all questions of law to the Court.

201.    Defendants deny the allegations contained in paragraph "201" of the Amended Complaint and refer all questions of law to the Court.

### DEFENDANTS' AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

202.    The plaintiff failed to set forth facts sufficient to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

203.    The culpable conduct of the plaintiff brought about the alleged damages and injuries which plaintiff claims, without any culpable conduct on the part of these answering defendants, their agents, servants or employees, but if the Court finds after trial that any culpable conduct of these answering defendants, their agents, servants or employees contributed to the alleged damages or injuries to the plaintiff, then and in that event, these answering defendants pray that the amount of damages which might be recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the alleged damages or injuries.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

204.    Upon information and belief, the plaintiff's injuries and damages, if any, were caused by the intervening acts of third parties unrelated to these answering defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

205.    The plaintiff failed or otherwise refused to mitigate plaintiff's alleged damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

206.    Plaintiffs' damages are vague, uncertain and unable to be ascertained.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

207.    Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

208.    These answering defendants and their employees at all times relevant to the allegations in the complaint acted reasonably, properly, lawfully and in good faith.

### DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFF

### FACTS COMMON TO ALL COUNTERCLAIMS

209.    Defendants repeat, reiterate and reallege paragraphs "1" through "208" as though fully set forth herein.

210.    This Court has supplemental jurisdiction over this counterclaim under U.S.C. § 1367(a) because it arises out of the same transaction and occurrence alleged in plaintiff's complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

211.    On or about December 29, 2006, plaintiff Vera N. Ngwa was provided with correspondence from Castle Point with attached "initial disclosure" documents in connection with the mortgage refinance transaction between plaintiff and Castle Point.

212.    Included among the "initial disclosure" documents that were provided to plaintiff on or about December 29, 2006 was a document entitled "Uniform Residential Loan Application" (the "URLA") that listed "Cashman Inc, 10 New York st, New York, NY 10027" as the name and address of plaintiff's employer.

213.    The URLA included in the "initial disclosure" documents contained the figure "30.000.00" in the areas provided for disclosure of plaintiff's Total Gross Monthly Income.

214.    The URLA included in the "initial disclosure" documents, contains an "ACKNOWLEDGEMENT AND AGREEMENT" positioned immediately above the box provided for plaintiff's signature, which states, in pertinent part:

> Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that my intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; . . .(7) the Lender and its agents, brokers, insurers, services, successors, and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan.

215.    On January 25, 2007, plaintiff Vera N. Ngwa executed a version of the URLA that listed "Cashman Inc, 10 New York st, New York, NY 10027" as the name and address of plaintiff's employer.

216.    On January 25, 2007, plaintiff Vera N. Ngwa executed a version of the URLA that contained the figure "30.000.00" in the areas provided for plaintiff's Total Gross Monthly Income.

217.    On January 25, 2007, plaintiff Vera N. Ngwa executed the aforementioned version of the URLA by placing her signature in the area provided for Borrower's signature.

218.    The area provided for Borrower's signature in the URLA that plaintiff signed on January 25, 2007 is positioned immediately below an "ACKNOWLEDGEMENT AND AGREEMENT," which states, in pertinent part:

> Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that my intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; . . .(7) the Lender and its agents, brokers, insurers, services, successors, and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan.

219.    Plaintiff's signing the URLA on January 25, 2007 constitutes a written representation that the information contained therein was true, accurate and complete.

220.    On January 25, 2007, plaintiff executed a document entitled "BORROWER'S CERTIFICATION & AUTHORIZATION," which states, in pertinent part:

> The undersigned certify the following:
> . . .
> In applying for the loan, I/we completed a loan application containing various information on the purpose of the loan, the amount and source of the downpayment, employment and income information, and assets and liabilities. I/We made no misrepresentation in the loan application or other documents, nor did I/we omit any pertinent information.
> . . .
> I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements when applying for this mortgage, as applicable under the provisions of Title 18, United States Code, Section 1014.

221.    On January 25, 2007, plaintiff executed a document entitled "BORROWER'S CERTIFICATION & AUTHORIZATION," which states, in pertinent part:

> The undersigned Borrower(s) certifies to Lender the following:
>
> 1.  The loan terms stated on the Application for the above referenced loan are true, accurate, and complete.

. . .

5.  This transaction is not a non-arms length transaction.

222.   On January 25, 2007, plaintiff executed a document entitled "CERTIFICATION OF EMPLOYMENT AND DEBTS," which states, in pertinent part:

> I certify that:
>
> 1.  I have reviewed the contents of the attached FNMA Form 1002 (Loan Application), and my understanding of the contents is acknowledged by my signature on the bottom of this form.
>
> 2.  I am still employed and paid as specified in the Loan Application.
> . . .
> 5.  I have read and fully understand the warning on the Loan Application regarding penalties for false statements in connection with this application.

223.   Directly below plaintiff's signature on the "CERTIFICATION OF EMPLOYMENT AND DEBTS" is the following statement, in bold: "**It is most important for your own protection that you not sign this form without first reading and understanding each of its five points.**"

224.   On January 25, 2007, plaintiff executed a notarized document entitled "OCCUPANCY AND FINANCIAL STATUS AFFIDAVIT," which states, in pertinent part:

> BEFORE ME, the undersigned authority duly authorized to take acknowledgements and administer oaths, personally appeared VERA N NGWA (the "Borrower") who upon being duly sworn on oath, certified as follows:
>
> 1.  **Material Inducement**: Borrower understands and agrees that the statements contained herein are given as a material inducement to CASTLE POINT MORTGAGE, INC. (the "Lender"), and Lender is relying upon such statements, to make a mortgage loan (the "Loan") to Borrower, repayment of which is secured by a Mortgage … on certain real property located at 10 WEST 123RD STREET, NEW YORK, NEW YORK 10027 (the "Property").
> . . .
> 3.  **Financial Status**:  Borrower understands that Lender is making the Loan based upon statements and representations contained in, or made in connection with, the residential mortgage loan application given by Borrower to Lender (the "Loan Application").  Borrower hereby

certifies that the information provided by Borrower contained in, or made in connection with, the Loan application relating to Borrower's financial status (such as Borrower's employment, income, available cash, debts, expenses, credit obligations and the like), has not changed significantly and that the such information accurately reflects Borrower's current financial status. Borrower certifies further that Borrower has not received a layoff notice or otherwise have knowledge of a pending layoff, and Borrower, to the best of Borrower's knowledge and belief, is unaware of any events or circumstances in the foreseeable future that would impair or have an adverse effect on Borrower's ability to fulfill Borrower's Loan obligations, including, but not limited to Borrower's obligation to make required periodic payments.

4. **False, Misleading or Inaccurate Statements**:  Borrower understands that Borrower will be in default under the terms of the Security Instrument if, during the application process for the Loan, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading or inaccurate information or statements to Lender (or failed to provide lender with material information) in connection with the Loan, including, but not limited to, representations concerning Borrower's occupancy of the Property and Borrower's financial status. Borrower understands further that any intentional or negligent misrepresentations(s) of the information contained in, or made in connection with, the Loan Application may result in severe civil and/or criminal penalties, including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq. and liability for money damages to the Lender, its agents, successors, and assigns, insurers and any other person who may suffer any loss due to reliance upon any misrepresentation(s) which Borrower has made on or in connection with the Loan Application.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF
(Intentional Misrepresentation)

225.    Defendants repeat, reiterate and reallege paragraphs "1" through "224" as though fully set forth herein.

226.    Plaintiff knew at the time she signed the URLA on January 25, 2007 that the information contained therein pertaining to her employer's name was not true, accurate and complete.

227.    Plaintiff knew at the time she signed the URLA on January 25, 2007 that the information contained therein pertaining to her employer's address was not true, accurate and complete.

228.    Plaintiff knew at the time she signed the URLA on January 25, 2007 that the information contained therein pertaining to her Gross Monthly Income was note true, accurate and complete.

229.    By signing the URLA on January 25, 2007 with knowledge that the information contained therein pertaining to her employer and her income were not true, accurate and complete, plaintiff made knowing misrepresentations of facts material to the mortgage refinance transaction between plaintiff and Castle Point.

230.    Defendants Castle Point, Royal and Gearin justifiably relied on plaintiff's representations in the URLA, including the information pertaining to plaintiff's employment and income, and acted to their detriment in reliance thereon by extending plaintiff the loan.

### As and for a Second Counterclaim Against Plaintiff
(Negligent Misrepresentation)

231.    Defendants repeat, reiterate and reallege paragraphs "1" through "230" as though fully set forth herein.

232.    Plaintiff undertook a duty to provide true, accurate and complete information to Castle Point, Royal and Gearin in connection with the mortgage refinance transaction between plaintiff and Castle Point.

233.    Plaintiff breached her duty to provide true, accurate and complete information to Castle Point, Royal and Gearin in connection with the mortgage refinance transaction between plaintiff and Castle Point by, among other things, signing the URLA and other documents at closing

which contained and/or incorporated false, inaccurate and/or incomplete information pertaining to plaintiff's employment and income.

234.    Plaintiff's breach has caused, and continues to cause, defendants Castle Point, Royal and Gearin to suffer losses and damages in an amount to be proven at trial, including without limitation, costs and attorney's fees.

**WHEREFORE** defendants, Castle Point, Royal and Gearin demand judgment:

A.    Dismissing the Amended Complaint and all causes of action therein;

B.    Entering judgment in favor of Defendants against plaintiff for damages in an amount to be proven at trial, including without limitation, costs and attorney's fees; and

C.    For such other and further relief as the Court deems proper.

Dated: New York, New York
        June 16, 2008

Keith D. Grace, Esq. (KG6230)
**CONWAY, FARRELL, CURTIN & KELLY, P.C.**
Attorneys for Defendants
*Castle Point Mortgage, Inc., Heather Gearin*
and *Royal Settlement Services, Inc.*
48 Wall Street – 20th Floor
New York, N.Y. 10005

## CERTIFICATE OF SERVICE

I, KEITH D. GRACE, hereby certify that on this 16th day of June, 2008, I caused a copy of

the foregoing **Answer with Affirmative Defenses and Counterclaims** to be served by electronic

filing and first-class mail upon the following:

David M. Harrison, Esq.
*Attorney for Plaintiff*
48 Willoughby Street
Brooklyn, New York  11201
(718) 243-2109

Stan Goldberg, Esq.
Platzer Swergold Karlin Levine Goldberg &
Jaslow, LLP
*Attorney for Defendant, GMAC*
1065 Avenue of the Americas
New York, NY 10018
(212) 593-3000