UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| VERA N. NGWA, | Civil Action No.: 08-00859 (AJP) |
| Plaintiff, | **REPLY TO COUNTERCLAIMS BROUGHT BY DEFENDANTS CASTLE POINT MORTGAGE, INC., HEATHER GEARIN AND ROYAL SETTLEMENT SERVICES, INC.** |
| v. | |
| CASTLE POINT MORTGAGE, INC., HEATHER GEARIN, GMAC MORTGAGE, LLC, UBS, UBS AG and ROYAL SETTLEMENT SERVICES, INC., | |
| Defendant(s). | |

------------------------------------------------------------------------x

The plaintiff, Vera N. Ngwa, by her attorney, David M. Harrison, Esq., replies to the counterclaims brought by defendants Castle Point Mortgage, Inc. ("Castle Point"), Heather Gearin ("Gearin") and Royal Settlement Services, Inc. ("Royal"), within said defendants' "Answer" to plaintiff's "Amended Complaint" (first), as follows:

## AS AND TO THE FIRST COUNTERCLAIM

1. The plaintiff, Vera N. Ngwa, was never provided with proper information concerning the material terms of the subject loan, including the loan's "Annual Percentage Rate"; "Finance Charge"; "Amount Financed"; "Total of Payments" and/or "Number of Payments", at any time prior to the date of consummation of the subject

loan, as mandated by the Federal Truth In Lending Act, including 15 U.S.C. § 1638; and Regulation Z, including Regulation Z § 226.19 and Regulation Z § 226.23.

2. That the "initial disclosure" documents provided to plaintiff by defendants Castle Point and/or Gearin, on or about December 29, 2006, failed to contain a Federal Truth In Lending Statement.

3. That the "initial disclosure" documents provided to plaintiff by defendants Castle Point and/or Gearin, on or about December 29, 2006, failed to contain any information concerning the subject loan's "Annual Percentage Rate".

4. That the "initial disclosure" documents provided to plaintiff by defendants Castle Point and/or Gearin, on or about December 29, 2006, failed to contain any information concerning the subject loan's "Finance Charge".

5. That the "initial disclosure" documents provided to plaintiff by defendants Castle Point and/or Gearin, on or about December 29, 2006, failed to contain any information concerning the subject loan's "Amount Financed".

6. That the "initial disclosure" documents provided to plaintiff by defendants Castle Point and/or Gearin, on or about December 29, 2006, failed to contain accurate and/or complete information concerning the subject loan's "Total of Payments".

7. That the "initial disclosure" documents provided to plaintiff by defendants Castle Point and/or Gearin, on or about December 29, 2006, failed to contain accurate and/or complete information concerning the loan's "Number of Payments".

8. That plaintiff was never provided with an explanation by defendants Castle Point and/or Gearin, as to the contents of any of the documents contained within

said "initial disclosure" documents provided to plaintiff by defendant Castle Point and/or Gearin on or about December 29, 2006, including the document entitled "Uniform Residential Loan Application" prepared by said defendants.

9. Shortly following plaintiff's receipt of said "initial disclosure", documents, defendant Gearin telephoned plaintiff and advised her that plaintiff should execute the enclosed documents and return them to defendants Castle Point and Gearin, as such documents were necessary to enable plaintiff to "close" on the proposed loan. No attempts were made at that time by defendants Gearin and/or Castle Point to explain the contents of any of the documents comprising said "initial disclosure" prepared by defendants Castle Point and/or Gearin.

10. During said telephone conversation between plaintiff and defendant Gearin, following said defendants' forwarding of said "initial disclosure" to plaintiff, defendant Gearin reiterated to plaintiff that the subject refinance loan was a "good deal" with terms as favorable as plaintiff could get; and which would consist of the "only way" in which plaintiff could "save" her home from foreclosure. Plaintiff was also told by defendant Gearin at that time that the subject refinance loan would result in monthly payments which plaintiff could "easily" afford; and that if plaintiff remained current on said loan for one year, she would "qualify" for a refinance loan with even more favorable monthly loan payment terms.

11. That the "Uniform Residential Loan Application" document contained within said December 29, 2006 "initial disclosures" was prepared exclusively by defendants Castle Point and/or Gearin; and without any contribution or input from the

plaintiff.

12. That in preparing said "Uniform Residential Loan Application" document contained within said December 29, 2006 "initial disclosures", defendants Castle Point and/or Gearin knowingly inflated plaintiff's income status by falsely imputing plaintiff's monthly "base employment income" and monthly "gross income" as $30,000.00.

13. That at no time did plaintiff knowingly advise and/or inform defendants that her monthly "base employment income" or monthly "gross income" was $30,000.00.

14. That at no time did plaintiff knowingly provide information to defendants which indicated that plaintiff earned a monthly "base employment income" or monthly "gross income" of $30,000.00.

15. That at no time has plaintiff ever earned a monthly "base employment income" or monthly "gross income" of $30,000.00.

16. That defendants Castle Point and Gearin knew that plaintiff was unlikely to realize the income information contained within said "Uniform Residential Loan Application", as said income information was included within merely one page of a document comprising defendants' "initial disclosure", which consisted of numerous pages, all of which were appended together.

17. That plaintiff provided defendants Castle Point and Gearin with relevant income record/return information, including a 2006 W2 earnings statement, as well as tax return related documents for the preceding two years.

18. That plaintiff executed tax income/income record authorizations with defendants Castle Point and Gearin, which allowed defendants to obtain relevant income

information from Internal Revenue Service, as well as related tax authorities.

19. That despite having been presented with information enabling defendants Castle Point and/or Gearin to learn plaintiff's actual income status, said defendants imputed a monthly "base employment income" figure (and like monthly "gross income figure") on their prepared "Uniform Residential Loan Application" document, in the amount of $30,000.00, which said defendants knew was false.

20. That plaintiff, at the "closing" of the subject loan held on January 25, 2007, was never provided with an explanation as to the contents of any of the documents presented for her execution, including the "Uniform Residential Loan Application" document exchanged upon her by defendants Castle Point, Gearin and Royal on said date.

21. That the "closing" of the subject loan was held during the evening hours at plaintiff's home; and consisted of plaintiff being presented documents for her signature by a notary who possessed no information concerning any of the information relevant to the loan, despite defendant Royal having been designated as the "settlement agent"/ "closing agent" on the subject transaction by defendant Castle Point.

22. That at the time of plaintiff's execution of the "Uniform Residential Loan Application" document presented to her during the "closing" of the subject loan, plaintiff was entirely unaware as to the income information contained within such document.

23. That at the time of plaintiff's execution of the "Uniform Residential Loan Application" document presented to her during the "closing" of the subject loan, plaintiff was entirely unaware as to the income information contained within such document, as plaintiff had never previously knowingly represented such information to defendants

Castle Point, Gearin and/or Royal at any time previously.

24. That defendants Castle Point, Gearin and/or Royal knew that the income information contained within the "Uniform Residential Loan" document presented to plaintiff at the "closing" of the loan contained inflated income information, as defendants Castle Point and Gearin had imputed such information, without any such information having been provided them by plaintiff.

25. That defendants knew that plaintiff was unlikely to realize the income information contained within such "Uniform Residential Loan" document, as said information was included within one page in a document which was one in an abundant number of documents presented to plaintiff for her execution at the "closing".

26. In executing the documents presented to her at the "closing" of the subject loan, plaintiff was acting upon the representations made to her by defendant Heather Gearin, as set forth both in plaintiff's Amended Complaint and in this Reply. In doing so, plaintiff was justified in believing that defendants Castle Point, Gearin and Royal had acted in her best interests.

27. That despite knowing plaintiff's actual income status, defendants Castle Point and Gearin falsified plaintiff's income information in their prepared "Uniform Residential Loan Application" documents, as a means to enable the subject loan transaction to proceed.

28. That as a result of the deceptive and fraudulent actions undertaken by defendants Castle Point, Gearin and/or Royal, including said defendants' blatant and

intentional mischaracterization of plaintiff's income status within the "Uniform Residential Loan" documents rendered in connection with the subject transaction, plaintiff has been deprived of equity in her home; while having the title to her residential premises threatened by a subsequent foreclosure action commenced by defendant GMAC Mortgage, LLC.

29. That any damages sustained by defendants Castle Point, Gearin and/or Royal were by reason of defendants' wrongful actions taken in the processing of the subject loan; and are entirely attributable to the conduct of these defendants, and without any contribution by the plaintiff herein.

## AS AND TO THE SECOND COUNTERCLAIM

30. That the plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "29" of this Reply, as if fully set forth herein.

31. That plaintiff provided defendants Castle Point and Gearin with relevant income record/return information, including a 2006 W2 earnings statement, as well as tax return related documents for the preceding two years.

32. That plaintiff also executed tax record authorizations for defendants which enabled defendants Castle Point, Gearin and Royal to obtain plaintiff's applicable tax records and/or returns from the Internal Revenue Service, as well as all other applicable tax authorities.

33. That despite having been provided with complete opportunity to obtain

plaintiff's tax record/return documents from Internal Revenue Service and applicable tax authorities, defendants Castle Point, Gearin and Royal undertook no measures to follow up on such tax record authorizations.

34. That despite knowing plaintiff's actual income status, defendants Castle Point and Gearin falsified plaintiff's income information in the "Uniform Residential Loan Application" documents, as a means to enable the subject loan transaction to proceed.

35. That the documents entitled "Uniform Residential Loan Application", rendered in connection with the subject loan transaction, were prepared exclusively by defendants Castle Point and Gearin; and with no contribution whatsoever by the plaintiff.

36. That defendants knew at all times following their preparation of said "Uniform Residential Loan Application" documents that the income information contained therein was entirely false.

37. That any damages sustained by defendants Castle Point, Gearin and/or Royal were by reason of defendants' wrongful actions taken in the processing of the subject loan; and are entirely attributable to the conduct of these defendants, and without any contribution by the plaintiff herein.

**WHEREFORE**, the plaintiff, Vera N. Ngwa demands judgment on this Reply against the defendants, Castle Point Mortgage, Inc., Heather Gearin and Royal Settlement Services, Inc., dismissing all counterclaims raised within said defendants' Answer to plaintiff's Amended Complaint (first); and awarding the plaintiff for all

damages resulting therefrom, including without limitation, costs and attorney's fees.

Dated: Brooklyn, New York
      July 7, 2008

                                    Yours, etc.

                                    **DAVID M. HARRISON, ESQ.**
                                    Attorney for Plaintiff
                                    VERA N. NGWA
                                    Office & P.O. Address
                                    48 Willoughby Street
                                    Brooklyn, New York 11201
                                    (718) 243-2109
                                    Bar No.: DH6188

                                    By: _____
                                        David M. Harrison, Esq.

## CERTIFICATE OF SERVICE

**DAVID M. HARRISON, ESQ.,** hereby certifies that on July 7, 2008, I caused a copy of the foregoing "Reply To Counterclaims Brought By Defendants Castle Point Mortgage, Inc., Heather Gearin and Royal Settlement Services, Inc., to be filed on the below-named parties, by depositing true copies of same enclosed in postpaid properly addressed wrappers, in an official depository under the exclusive care and custody of the United States Post Office Department, within the State of New York; <u>and by Certificate of Mailing</u>.

TO: **CONWAY, FARRELL, CURTIN & KELLY, P.C.**
Attorneys for the Defendants
CASTLE POINT MORTGAGE, INC., HEATHER GEARIN and ROYAL SETTLEMENT SERVICES, INC.
Office & P.O. Address
48 Wall Street-20th Floor
New York, New York 10005
(212) 785-2929


**PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERT & JASLOW, LP**
Attorneys for the Defendant
GMAC MORTGAGE, LLC
Office & P.O. Address
1065 Avenue of the Americas
New York, New York 10018
(212) 593-3000

**UBS**
Pro-Se Defendant
1285 Avenue of the Americas
New York, New York 10019

**UBS AG**
Pro-Se Defendant
1285 Avenue of the Americas
New York, New York 10019


Dated: Brooklyn, New York
       July 7, 2008

_____
**DAVID M. HARRISON, ESQ.**

UNITED STATES DISTRICT COURT                Civil Action No.: 08-0859 (AJP)
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------

VERA N. NGWA,

                              Plaintiff,

        v.

CASTLE POINT MORTGAGE, INC., HEATHER
GEARIN, GMAC MORTGAGE, LLC, UBS,
UBS AG and ROYAL SETTLEMENT
SERVICES, INC.,

                              Defendants.


-----------------------------------------------------------------------------------------------


**REPLY TO COUNTERCLAIMS BROUGHT
BY DEFENDANTS CASTLE POINT
MORTGAGE, INC., HEATHER GEARIN
AND  ROYAL SETTLEMENT SERVICES, INC.**


-----------------------------------------------------------------------------------------------


**DAVID M. HARRISON, ESQ.**
Attorney for the Plaintiff
VERA N. NGWA
Office & P.O. Address
48 Willoughby Street
Brooklyn, New York 11201
(718) 243-2109

-----------------------------------------------------------------------------------------------